[Crim. No. 9637. Third Dist. May 8, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL LAWRENCE WRIGHT, Defendant and Appellant.

## COUNSEL

Quin A. Denvir, State Public Defender, under appointment by the Court of Appeal, Gary S. Goodpaster, Chief Assistant State Public Defender, and Ted W. Isles, Deputy State Public Defender, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Gregory W. Baugher and Paul H. Dobson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**PARAS, J.**—A jury convicted defendant of seven counts of robbery and found that he used a dangerous or deadly weapon (knife) during the commission of each. (Pen. Code, §§ 211, 12022, subd. (b).)[1] He appeals from the judgment.

Between July 16, 1977, and August 3, 1977, defendant committed seven gasoline service station robberies at knifepoint in Sacramento County.

The sentence imposed under count one was designated the principal term (see Pen. Code, §§ 1170, subd. (b), and 1170.1, subds. (a), (c); Cal. Rules of Court, rule 405(b) and rule 439(a)), consisting of a base term of three years (the middle term of Pen. Code, § 213), and a one-year enhancement for use of the knife (Pen. Code, § 12022, subd. (b)). As to each of the remaining six counts, sentence was imposed consecutive to the principal term and to every other term. A middle term of three years was imposed for each of these, but two of such years were ordered stayed, presumably to meet the statutory limitation that "[t]he subordinate term

---

[1] Two other robbery counts were dismissed during trial on motion of the district attorney.

for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and shall exclude any enhancements when the consecutive offense is not listed in subdivision (c) of [Pen. Code] Section 667.5 . . ." (Pen. Code, § 1170.1, subd. (a)). The trial court also limited the aggregate of the subordinate terms to five years, presumably to meet the further statutory restriction that "[i]n no case shall the total of subordinate terms for consecutive offenses not listed in subdivision (c) of Section 667.5 exceed five years" (Pen. Code § 1170.1, subd. (a); see Cal. Rules of Court, rules 447, 449). The total unstayed term thus imposed by the judgment is nine years.

There is yet another statutory limitation on the total prison time which can be imposed for multiple crimes. It is contained in Penal Code section 1170.1, subdivision (f), and defendant claims its benefit. ■ By its own terms however it is inapplicable here. It reads as follows: "The term of imprisonment shall not exceed twice the number of years imposed by the trial court as the base term pursuant to subdivision (b) of Section 1170 *unless* the defendant stands convicted of a felony described in subdivision (c) of Section 667.5, or a consecutive sentence is being imposed pursuant to subdivision (b) of this section, or an enhancement is imposed pursuant to Section 12022, 12022.5, 12022.6 or 12022.7." (Italics added.)

The limit on the aggregate term of a sentence is thus twice the base term *except* in three specified circumstances, the last of which (a § 12022 enhancement) is present here. Defendant asserts nonetheless that subdivision (f) should not be interpreted to remove this case from the twice the base term limit. He argues that the provision permits an increase only to the extent of the additional time specified for the enhancement of the base term; and since the aggregate nine-year term exceeds twice the base term (six years), the court was limited to a sentence equal to the six years plus a one-year enhancement.

We do not accept defendant's interpretation. Courts should give effect to statutes according to the usual and ordinary import of their language. (*Merrill* v. *Department of Motor Vehicles* (1969) 71 Cal.2d 907, 918 [80 Cal.Rptr. 89, 458 P.2d 33]; see also *People* v. *Agnello* (1968) 259 Cal.App.2d 785, 791 [66 Cal.Rptr. 571].) The language in question is clear and unambiguous. The Legislature intended a certain upper limit on the aggregate term of imprisonment "unless" certain specified conditions exist; the presence of such conditions makes the upper limit entirely inapplicable. The matter is thus quite simple; and defendant's efforts to complicate it, while understandable, must be rejected.

Defendant cites *People* v. *Ralph* (1944) 24 Cal.2d 575, 581 [150 P.2d 401]; we find it unpersuasive. In *Ralph,* the Supreme Court held that when language of the penal law is reasonably susceptible of two constructions, ordinarily the construction more favorable to the offender will be adopted. However, *Ralph* did not change the plain meaning rule, and hence is inapplicable. We find the following language of *People* v. *Buese* (1963) 220 Cal.App.2d 802, 806 [34 Cal.Rptr. 102], appropriate. "[C]ourts will not give strained meanings to legislative language, torturing that which is clear (or can be made clear by common sense interpretation) into opacity through a process of imaginative hypothesizing. To do so would be to rule that all criminal statutes must be written by linguistic purists."

The United States Supreme Court has spoken in a similar vein. "It may fairly be said to be a presupposition of our law to resolve doubts in the enforcement of a penal code against the imposition of a harsher punishment. This in no wise implies that language used in criminal statutes should not be read with the saving grace of common sense with which other enactments, not cast in technical language, are to be read. Nor does it assume that offenders against the law carefully read the penal code before they embark on crime." (*Bell* v. *United States* (1955) 349 U.S. 81, 83 [99 L.Ed. 905, 910, 75 S.Ct. 620].)

In other words, we disagree with defendant's contention that there are two reasonable interpretations of subdivision (f). Disregarding the "unless" clause for purposes of discussion, there is no inconsistency between the five-year limitation of subdivision (a) and the twice-the-base term limitation of subdivision (f); considering the widely disparate punishments for a great variety of crimes and the consequent multitude of combinations to which either (a) or (f) may apply, numerous examples may be cited in which (a) will limit the total term but (f) will not or (f) will apply but not (a). The unless clause simply extinguishes any applicability at all of subdivision (f), and this is the only reasonable interpretation it can have.

The judgment is affirmed.

Regan, Acting P. J., and Reynoso, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 19, 1979.