[No. A024649. First Dist., Div. Three. Oct. 24, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
LARRY LEE WEAVER, Defendant and Appellant.

**COUNSEL**

Leland Nerio, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Gloria F. De Hart and Ronald E. Niver, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BARRY-DEAL, J.**—On appeal from a judgment of conviction for attempted burglary of a residence with three prior serious felony convictions (Pen. Code, §§ 664/459, 667)[1] appellant attacks his sentence on several grounds, all of which we find to be without merit. We affirm the judgment.

## THE FACTS

The facts of the offense are not relevant to this appeal. On October 29, 1982, appellant was observed by two witnesses as he left the scene of an attempted residential burglary. He later admitted the offense.

On July 27, 1983, pursuant to a plea bargain, appellant entered a plea of guilty to attempted burglary and admitted three of the four alleged prior serious felony convictions. The fourth prior was stricken on motion of the district attorney.

On September 28, 1983, the court sentenced appellant to prison for the middle base term of one year and to three consecutive five-year terms for the prior serious felonies, for a total of sixteen years. This appeal followed.

---

[1] All further statutory references are to the Penal Code.

## Discussion

### *Length of Sentence*

Appellant contends that the maximum length of sentence which could have been imposed legally in this case was two years. He relies on section 1170.1, subdivision (g), which provides: "The term of imprisonment shall not exceed twice the number of years imposed by the trial court as the base term pursuant to subdivision (b) of Section 1170 unless the defendant stands convicted of a 'violent felony' as defined in subdivision (c) of Section 667.5, or a consecutive sentence is being imposed pursuant to subdivision (c) of this section, or an enhancement is imposed pursuant to Section 12022, 12022.5, 12022.6 or 12022.7 or the defendant stands convicted of felony escape from an institution in which he is lawfully confined." Appellant reasons that since his base term was fixed at one year and because none of the express exceptions set out in section 1170.1, subdivision (g), apply, the "twice-the-base-term" limit of that section applies. We do not agree.

On June 9, 1982, the initiative measure known as Proposition 8 took effect. (See *People* v. *Smith* (1983) 34 Cal.3d 251, 257 [193 Cal.Rptr. 692, 667 P.2d 149].) It contained three provisions which affect the question under consideration. First, Proposition 8 added section 28 to article I of the California Constitution. Subdivision (f) of that section provides: "*Use of Prior Convictions.* Any prior felony conviction of any person in any criminal proceeding, whether adult or juvenile, shall subsequently be used *without limitation* for purposes of impeachment or enhancement of sentence in any criminal proceeding. . . ." (Italics added.)

Second, Proposition 8 added section 667 to the Penal Code, which provides: "(a) Any person convicted of a serious felony who previously has been convicted of a serious felony . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(d) As used in this section 'serious felony' means a serious felony listed in *subdivision (c) of Section 1192.7.* . . ."

Third, Proposition 8 added Penal Code section 1192.7, subdivision (c)(18) of which lists "burglary of a residence" as a "serious felony."

In our view the provisions of Proposition 8 unambiguously modified those of section 1170.1, subdivision (g), and that code provision now must be read with an additional constitutionally mandated exception: "The term of imprisonment shall not exceed twice the number of years imposed by the trial court as the base term pursuant to subdivision (b) of Section 1170 unless the defendant stands convicted of a 'violent felony' as defined in subdivision (c) of Section 667.5, or a consecutive sentence is being imposed pursuant to subdivision (c) of this section, or an enhancement is imposed pursuant to Section 12022, 12022.5, 12022.6 or 12022.7 *or an enhancement is imposed pursuant to Sections 667 and 1192.7 for a prior serious felony conviction,* or the defendant stands convicted of felony escape from an institution in which he is lawfully confined." This reading of the section is required by Proposition 8's decree that priors shall be used "without limitation" to enhance sentences (Cal. Const., art. I, § 28, subd. (f)) and that a five-year consecutive sentence shall be added to a serious felony sentence for each prior serious felony conviction (§ 667).

Because these provisions are clear and unambiguous, we are not called upon to engage in constitutional or statutory construction. (See generally, 5 Witkin, Summary of Cal. Law (8th ed. 1974) Constitutional Law, § 68, p. 3307.) Our reading is consistent with the view of the legislative analyst, which was presented to the voters in the ballot pamphlet prepared for the June 1982 election. In explaining the provisions of Proposition 8, the legislative analyst stated in relevant part: ". . . This measure includes two provisions that would increase prison sentences for persons convicted of specified felonies. First, upon a second or subsequent conviction for one of these felonies, the defendant could receive, on top of his or her sentence, an *additional* five-year prison term for each such prior conviction, regardless of the sentence imposed for the prior conviction. This provision would not apply in cases where other provisions of law would result in even longer prison terms. Second, any prior felony conviction could be used without limitation in calculating longer prison terms. . . ." (Ballot Pamp., Proposed Initiative Stats. & Amend. to Cal. Const. with arguments to voters, Primary Elec. (June 8, 1982), Analysis by Legislative Analyst, pp. 54-55, original italics.)

We also note that our Supreme Court has characterized Proposition 8 as ". . . permit[ting] the unlimited use in a criminal proceeding of 'any prior felony conviction' for impeachment or sentence enhancement, . . ." (*Brosnahan* v. *Brown* (1982) 32 Cal.3d 236, 243 [186 Cal.Rptr. 30, 651 P.2d 274].) And, finally, in *People* v. *Smith, supra,* 34 Cal.3d 251, the Supreme Court referred to these provisions as ". . . abolishing all limitations on the use of prior convictions against the defendant for . . . enhancement of sentence . . . ." (*Id.,* at p. 261; see also Greer & Rosen, The Felony Sentenc-

ing Manual [hereafter cited as Greer & Rosen] (1984) p. 13-5 ["Section 1170.1(f) is not specifically amended or repealed by Proposition 8. However, the 'without limitation' provision of section 28(f) effectively removes those terms imposed for prior convictions or resulting separate prison terms from the twice-the-base-term limitation."].)

Appellant cites *People* v. *Sequeira* (1981) 126 Cal.App.3d 1 [179 Cal.Rptr. 249] in support of his claim that the length of his sentence was legally impermissible. That decision interpreted the enumerated exceptions in section 1170.1, subdivision (g) (then (f)—the "unless" clause), as permitting an increase in length of sentence over and above twice the base term only to the extent of the additional time specified for the enhancement in question. (Thus, in *Sequeira* the maximum allowable term was 12 years, that is, twice the base term (10 years) plus enhancements (2 years).) (*Id.*, at p. 21.) Appellant's reliance on *Sequeira* is misplaced. At least two decisions have held that the *Sequeira* court's reading of section 1170.1, subdivision (g), is incorrect. (*People* v. *Wright* (1979) 92 Cal.App.3d 811, 813-814 [154 Cal.Rptr. 926]; *People* v. *McClelland* (1982) 136 Cal.App.3d 503, 506-508 [186 Cal.Rptr. 365].) We agree with the holdings in these cases, stated by the *Wright* court in this way: "The unless clause simply extinguishes any applicability at all of subdivision [(g)], and this is the only reasonable interpretation it can have." (*People* v. *Wright, supra,* 92 Cal.App.3d at p. 814.)

We conclude that appellant's 16-year term was not impermissibly long.

### Ex Post Facto

Appellant complains that application of section 667 in this case violated ex post facto rules where enhancements were imposed for prior convictions which occurred before adoption of Proposition 8.

■ Application of section 667 to enhance a sentence for a crime committed post-Proposition 8 because of a pre-Proposition 8 prior conviction for a serious felony does not violate article I, section 9 of the United States Constitution or article I, section 9 of the California Constitution, as being an ex post facto determination of criminal liability.

"[I]ncreased penalties for subsequent offenses are attributable to the defendant's status as a repeat offender and arise as an incident of the subsequent offense rather than constituting a penalty for the prior offense. [Citations.]" (*In re Foss* (1974) 10 Cal.3d 910, 922 [112 Cal.Rptr. 649, 519 P.2d 1073].) For this reason statutes imposing such penalties are not ex post facto laws. (*Ibid.*)

At the time appellant committed his post-Proposition 8 offense, section 667 was in full force and effect and apprised him of the possible consequences of his antisocial behavior. Application of section 667 enhancements to these offenses does not fall into any of the four categories of ex post facto laws: it does not (a) make criminal an action innocent when done; (b) make more serious an act already criminal when done; (c) inflict greater punishment than attending the act at the time it was committed; or (d) permit defendant to be convicted with less evidence than was required when the act was done. (See *People* v. *Sobiek* (1973) 30 Cal.App.3d 458, 472 [106 Cal.Rptr. 519, 82 A.L.R.3d 804].)

"A statute is not retroactive in operation merely because it draws upon facts antecedent to its enactment for its operation. [Citation.]" (*People* v. *Venegas* (1970) 10 Cal.App.3d 814, 823 [89 Cal.Rptr. 103].)

"Clearly, the punishment prescribed for prior serious felony convictions under Proposition 8 may be imposed even though the prior convictions were suffered prior to the enactment of section 667. [Citations.]" (Greer & Rosen, *supra,* at p. 13-3.) We so hold.

### Cruel or Unusual Punishment

Appellant argues that section 667, under which his sentence was enhanced because of three prior serious felony convictions, is unconstitutional in that it imposes cruel and unusual punishment upon him.

California's recidivist statutes, of which section 667 is simply one of the most recent, have withstood constitutional attack for over half a century. In *In re Rosencrantz* (1928) 205 Cal. 534 [271 P. 902], the Supreme Court assessed the validity of former section 644, which at that time provided: " 'Every person convicted in this state of any felony, who shall have been previously three times convicted, either in this state or elsewhere, of any felony, shall be punished by imprisonment in the state prison for not less than life and shall not be eligible to parole. . . .' [Citation.]" (*Id.,* at p. 536.) The court noted that such habitual criminal statutes generally had been upheld in other jurisdictions (*id.,* at p. 538) and then made these observations which, in light of the passage of Proposition 8, must be deemed equally, or more, applicable today: "Can it be said that a statute or a section of the code prescribing a punishment of life imprisonment, without the right of parole, for those found guilty of the commission of a felony, after they have been three times previously convicted of a felony, is so disproportionate to the offense for which it is inflicted that it shocks the moral sense of the people? We think not. Society is not only entitled to be protected from the depravity of those criminally inclined, but it is the first and highest duty

of government to secure to its citizens the enjoyment of their lives and property against the unlawful aggression of the criminal class, who, if unrestrained, would despoil the law abiding both of life and property. When a person has proven himself immune to the ordinary modes of punishment, then it becomes the duty of government to seek some other method to curb his criminal propensities that he might not continue to further inflict himself upon law-abiding members of society. This, we think, may be done even to the extent of depriving him permanently of his liberty." (*Id.*, at p. 539.)

The court then reviewed decisions sustaining similar statutes in Kentucky and Ohio, stated that there were no authorities to the contrary, and concluded that the judgment imposed "finds support both in law and in reason." (*Id.*, at pp. 539-540.)

This holding was followed by the Court of Appeal in *People* v. *Vaile* (1931) 112 Cal.App. 258, 260 [296 P. 901], and in a long line of decisions such as *People* v. *Ray* (1960) 181 Cal.App.2d 64 [5 Cal.Rptr. 113], wherein Justice Tobriner said, "The constitutionality of [the habitual criminal] law is so well established it calls for no discussion. [Citation.]" (*Id.*, at p. 69.) In *People* v. *Vienne* (1973) 30 Cal.App.3d 266 [105 Cal.Rptr. 584], the defendant argued that recent decisions of the United States and California Supreme Courts had superseded this line of cases. Division Two of this court disagreed, reiterated Justice Tobriner's assessment of the statute's constitutionality, and concluded, "Any change in this recidivist statute, if desired, should be left in the hands of the Legislature. (See *In re Lynch* (1972) 8 Cal.3d 410 . . . .)" (*People* v. *Vienne, supra,* 30 Cal.App.3d at p. 273.)

Thus it has long been settled, beginning with a decision of our Supreme Court, which we are bound to follow (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937]), that imposition of a life sentence for a fourth felony conviction does not constitute cruel and unusual punishment. We recognize that the line of cases above were construing a different statute (former § 644, now § 667.7) than that here under consideration (§ 667). However, by a parity of reasoning, we hold that the imposition of an additional 15 years' imprisonment for having suffered 3 prior serious felony convictions did not subject appellant to cruel and unusual punishment.

This conclusion is also supported by an analysis using the techniques identified in *In re Lynch* (1972) 8 Cal.3d 410, 425-429 [105 Cal.Rptr. 217, 503 P.2d 921]. Of particular relevance is the first of these techniques, that is, an examination of the nature of the offense and/or of the offender, with particular regard for the degree of danger both present to society. (*Id.*, at

p. 425; see also *People* v. *Dillon* (1983) 34 Cal.3d 441, 479 [194 Cal.Rptr. 390, 668 P.2d 697].)[2]

Residential burglary is an extremely serious crime presenting a high degree of danger to society. " 'Burglary laws are based primarily upon a recognition of the dangers to personal safety created by the usual burglary situation—the danger that the intruder will harm the occupants in attempting to perpetrate the intended crime or to escape and the danger that the occupants will in anger or panic react violently to the invasion, thereby inviting more violence.' (*People* v. *Lewis* (1969) 274 Cal.App.2d 912, 920 . . . .) In addition, a burglary of an inhabited dwelling involves an invasion of perhaps the most secret zone of privacy, the place where trinkets, momentos, heirlooms and the other stuff of personal history are kept. Society therefore has an important interest in seeing to it that burglars stay out of inhabited dwelling houses." (*People* v. *Guthrie* (1983) 144 Cal.App.3d 832, 847 [193 Cal.Rptr. 54], fn. omitted.)

Turning to an examination of the offender, we find that he is precisely the type of criminal from whom the recidivist statutes attempt to protect society. (See *In re Rosencrantz, supra,* 205 Cal. at p. 539.) At age thirty-nine, he already has seven prior felony convictions and four prior misdemeanors. The probation officer's summary described appellant as follows: "This officer views the defendant as an individual who has spent most of his life seeking and taking things from other individuals in order to continue a lifestyle dedicated to the abuse of drugs and alcohol. The defendant claims that much of his criminal activity is the result of frustrations and his inability to provide for his family, however, the facts in this case and the defendant's prior record seem to indicate that, while the defendant may care for his family, and said family may support him emotionally, he has done nothing other than cause his own wife and children grief. In addition, this defendant has had every chance available under the law to obtain treatment and counseling for any drug problems he has had in the past. This defendant has been to CRC; this defendant has been through two residential drug treatment programs; this defendant has participated in a long-term outpatient counseling program dedicated to the rehabilitation of the drug offender and dealing with the personality problems which are the result of said drug abuse. This defendant was given the benefit of the doubt, when sentenced in Santa

---

[2]The second technique—comparison of the challenged penalty with punishments prescribed in the same jurisdiction for different offenses which are more serious—has no application to the present situation. All recidivists with prior serious felonies are treated the same under the statutory scheme adopted by the Legislature and the People.

Appellant's data on the third technique—comparison with punishments in other jurisdictions—is inconclusive. He candidly cites to us the law of two jurisdictions which would have incarcerated him for 30 years (Indiana, Oregon) and states that his research has yielded "mixed results."

Cruz County for First Degree Burglary back in 1980. During all of this period of time, the defendant has continued to engage in a criminal lifestyle which has resulted in him [*sic*] being a significant threat to the community. After interviewing the defendant, this officer continually found the defendant contradicting himself, and attempting to present himself as a person who has 'been abused by the system.' The defendant freely acknowledges not only the present offense, but also his past criminal activities, yet seems angered and frustrated with the possibility of a State level commitment. This officer feels that the criminal justice system has done all within its power to attempt to successfully re-integrate this defendant into society, and he has soundly rejected all efforts to assist him."

At the time of sentencing, the trial court said that appellant's was "probably one of the most extensive criminal records" he had ever seen and stated, "You've shown no remorse whatsoever . . . in your comments to the probation officer and your comments about the criminal justice system. Your attitude is simply one wherein you feel that this isn't a serious matter, . . . This attempted burglary would have been a first degree burglary but for the fortuitous fact the burglary alarm was sounded, . . . [¶] . . . I think it's about time, Mr. Weaver, that you accept responsibility for your conduct. . . ."

We conclude that appellant has not been subjected to cruel and unusual punishment.

The judgment is affirmed.

Anderson, J., concurred.

White, P. J., concurred in the judgment.

Appellant's petition for a hearing by the Supreme Court was denied January 17, 1985.