[Crim. No. 24635. Apr. 3, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
JANET MAGILL, Defendant and Appellant.

COUNSEL

Mark D. Greenberg, under appointment by the Supreme Court, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Ann K. Jensen, Aileen Bunney and Dane R. Gillette, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

GRODIN, J.—We granted review to determine whether, under Penal Code section 1170.1, subdivision (g),[1] the sentence of a defendant against whom an enhancement is imposed pursuant to section 12022.6 is *unlimited* by the double-base term rule (*People* v. *Wright* (1979) 92 Cal.App.3d 811, 813 [154 Cal.Rptr. 926]; *People* v. *McClelland* (1982) 136 Cal.App.3d 503, 508 [186 Cal.Rptr. 365]) or whether the sentence is limited to twice the base term *plus* the enhancement (*People* v. *Sequeira* (1981) 126 Cal.App.3d 1, 20-21 [179 Cal.Rptr. 249]). We conclude section 1170.1, subdivision (g) completely eliminates the double-base term rule when, as here, the record

---

[1]All statutory references are to the Penal Code.

establishes one of the four basic statutory exceptions to the double-base term rule. Accordingly, we reverse the judgment of the Court of Appeal insofar as it (i) held defendant must be resentenced and (ii) remanded for that purpose. In all other respects, we affirm the judgment.

Defendant was convicted of four counts of embezzlement and one count of obtaining money by false pretenses. Allegations of excessive loss (§ 12022.6, subd. (a)) attached to three of the embezzlement counts were found true. She was sentenced on count one to the Department of Corrections for a principal term consisting of the midterm of two years (the base term), plus a one-year enhancement under section 12022.6, subdivision (a), and on counts two through five for subordinate terms consisting of eight months each, to run consecutively, for a total sentence of five years and eight months. ■ Her sole claim is that her sentence should have been only five years.

Section 1170.1, subdivision (g) provides: "The term of imprisonment shall not exceed twice the number of years imposed by the trial court as the base term pursuant to subdivision (b) of Section 1170 unless the defendant stands convicted of a 'violent felony' as defined in subdivision (c) of Section 667.5, or a consecutive sentence is being imposed pursuant to subdivision (c) of this section [crimes committed while in state prison], or an enhancement is imposed pursuant to Section 12022, 12022.4, 12022.5, 12022.6, 12022.7, or 12022.9 or the defendant stands convicted of felony escape from an institution in which he is lawfully confined."

Defendant claims this subdivision is ambiguous and should therefore be interpreted in her favor to preclude application of the double-base term limitation only to the extent necessary to accommodate her section 12022.6 enhancement. As noted, the Courts of Appeal have split on this issue.

*Wright, supra,* 92 Cal.App.3d 811, rejected defendant's view. Noting that "[c]ourts should give effect to statutes according to the usual and ordinary import of their language" (*id.,* at p. 813), *Wright* found the subdivision "clear and unambiguous." (*Ibid.*) "The Legislature intended a certain upper limit on the aggregate term of imprisonment 'unless' certain specified conditions exist; the presence of such conditions makes the upper limit entirely inapplicable." (*Ibid.*)

*Sequeira,* however, found the same subdivision "to be, in context, both opaque and ambiguous" (126 Cal.App.3d 1, 21), and proceeded to interpret it according to what the court considered to be the Legislature's probable intent. *Sequeira* postulated that although the Legislature likely meant to eliminate the ameliorative effect of the double-base term limitation for de-

fendants convicted of a violent felony, or a serious prison offense, or prison escape, it must not have intended to completely do so with respect to defendants who merely trigger and suffer the specified section 12022 enhancements. Consequently, the court interpreted the subdivision as limiting the defendant's sentence to twice the base term *plus* enhancements. (*Ibid.*)

The court in *McClelland, supra,* 136 Cal.App.3d 503, resolved the *Wright-Sequeira* conflict "on the *Wright* side." (*Id.,* at p. 508.) The court labeled as "contrived" *Sequeira*'s assumption that the Legislature did not intend to treat enhancements like the other specified exceptions to the double-base term limitation. (*Ibid.*)

Although the *Sequeira* view might have appeared plausible when that decision was filed,[2] we are persuaded that the *Wright* approach is the correct one, and that the presence of any of the specified enhancements makes the double-base term limitation entirely inapplicable. (Accord, Cassou & Taugher, *Determinate Sentencing in California: The New Numbers Game* (1978) 9 Pacific L.J. 5, 64-67.)

As defendant implicitly admits, and as the *Sequeira* court implicitly conceded, the remaining three exceptions specified in the subdivision—that the defendant was convicted of a violent felony, or a serious prison offense, or prison escape—can reasonably be interpreted only one way, namely, to eliminate completely the double-base term limitation if any of the specified exceptions is present. To interpret the subdivision as completely eliminating the limitation as to exceptions one, two, and four but as only "partly eliminating" the limitation as to exception three, when all four groups of exceptions follow from the same introductory proviso, would require us to read into the statute limiting language nowhere suggested by the legislative scheme.[3] It would also require us to hold that the Legislature could not have intended to equate the specified section 12022 enhancements with specified violent felonies, crimes committed while in prison, or felony escape. Certainly, the Legislature might reasonably have concluded that persons who

---

[2]The author of this opinion acknowledges that as a justice on the Court of Appeal he concurred in the *Sequeira* opinion. In explanation of his changed view, he notes that "'"[t]he matter does not appear to me now as it appears to have appeared to me then."'" (*Smith* v. *Anderson* (1967) 67 Cal.2d 635, 646 [63 Cal.Rptr. 391, 433 P.2d 183] (Mosk, J., conc.).)

[3]Contrary to defendant's urgings, nothing in *People* v. *Daniels* (1975) 14 Cal.3d 857, 860-861 [122 Cal.Rptr. 872, 537 P.2d 1232], suggests otherwise. In that case we held merely that a statute listing numerous acts could be interpreted to require specific intent as to one act although not to the others. This holding respecting the substantive definition of a crime in no way suggests we may depart from commonsense rules of statutory construction when faced with a statute listing selected exceptions to a general proposition when those exceptions are all unqualified and all exist in the same grammatical relation to the general rule.

"earn" specified section 12022 enhancements (by being armed with or using a deadly weapon during a felony, or by furnishing a firearm to another to assist in the commission of a felony, or by using a firearm during a felony, or by committing an excessive taking during a felony, or by infliction of great bodily injury during a felony, or by intentionally causing the termination of a pregnancy during a felony) deserve equally with those who commit the above three categories of crimes to be completely stripped of the double-base term protection.[4]

Insofar as the Court of Appeal (i) held defendant must be resentenced and (ii) remanded to the trial court for that purpose, the judgment is reversed. In all other respects the judgment of the Court of Appeal is affirmed.

Bird, C. J., Mosk, J., Broussard, J., Reynoso, J., Lucas, J., and Panelli, J., concurred.

---

[4]As defendant argues, it is possible that this interpretation of the statute may, in certain cases, lead to harsh results possibly not contemplated by the Legislature. We invite the Legislature to investigate this claim and trust that it will amend the statute if it determines that to be necessary or desirable.