[No. A033635. First Dist., Div. One. May 15, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD DALE McCLURE, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.

Counsel

Ross Thomas, under appointment by the Court of Appeal, for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, and Robert R. Granucci, Deputy Attorney General, for Defendant and Respondent.

Opinion

**RACANELLI, P. J.**—In this appeal the principal question presented is whether the trial court had a duty upon a remand for resentencing to obtain a current or supplemental probation report notwithstanding defendant's ineligibility for probation. We determine that no duty existed and affirm the judgment.

FACTS

Defendant was convicted of the crimes of rape by force or threat and false imprisonment of Lisa W. (Pen. Code, §§ 261, subd. (2), 236 respectively), and first degree burglary and assault with intent to rape involving victim, Barbara C. (Pen. Code, §§ 459, 220 respectively). Defendant was originally sentenced to an aggregate prison term of 18 years. On appeal we remanded for resentencing but affirmed the judgment in all other respects. (*People* v. *McClure* (May 24, 1985) No. AO24827 [nonpub. opn.].) On resentencing the trial court again imposed an 18-year prison term.

Defendant again appeals raising two claims of error: the failure of the trial court 1) to obtain a new or current probation report and 2) to articulate its reasons on resentencing. We find the arguments unpersuasive, and we affirm the judgment.

DISCUSSION

I.

*Probation Report*

It is undisputed that defendant's commission of the subject offenses while on parole rendered him legally ineligible for probation. (Pen. Code, § 1203.085.)[1]

Penal Code section 1203 provides that "in every case in which a person is convicted of a felony *and is eligible for probation* . . . the court shall immediately refer the matter to the probation officer . . . ." (Pen. Code, § 1203, subd. (b), italics added.) The mandated referral was interpreted in *People v. Rojas* (1962) 57 Cal.2d 676 [21 Cal.Rptr. 564, 371 P.2d 300], to apply "on each occasion of passing judgment," the court concluding that "the Legislature intended, with each contemplated pronouncement of judgment and the concurrent determination of whether to grant or deny probation *where an accused is otherwise eligible,* that a defendant is entitled to have a current report before the trial judge." (*Id.,* at p. 682, italics ours.)

The court also noted that the overall purpose of probation—the reformation and rehabilitation of a deserving defendant—would be better accomplished by requiring a current probation report detailing the defendant's recent conduct. (*People v. Rojas, supra,* 57 Cal.2d at p. 683.)

But, as underscored, defendant was *not* eligible for probation, a pivotal circumstance distinguishing the conclusion reached in *Rojas,* which itself implicitly recognized the need for a current report only where the accused was otherwise eligible for probation. (57 Cal.2d at p. 682.) Indeed, in 1982, the Legislature added subdivision (g) to section 1203 to clarify that when the defendant "is not eligible for probation, the judge *may,* in his discretion, refer the matter to the probation officer. . . ." (Stats. 1982, ch. 247, § 1, p. 795, italics added.)[2]

---

[1]Moreover, defendant's present rape conviction itself rendered him ineligible for probation. (Pen. Code, § 1203.065, subd. (a).) Probation is also denied to any person convicted of assault with intent to rape, except "in unusual cases." (Pen. Code, § 1203.065, subd. (b).)

[2]The statute was later amended to its present context and now provides: "(g) If a person is not eligible for probation, the judge shall refer the matter to the probation officer for an investigation of the facts relevant to determination of the amount of a restitution fine pursuant to Section 13967 of the Government Code in all cases where such determination is applicable. The judge, in his or her discretion, may direct the probation officer to investigate all facts relevant to the sentencing of the person." (Stats. 1985, ch. 1485, § 3.)

In short, defendant's status of ineligibility for probation would appear to foreclose any meaningful application of the policy reasons underlying the holding in *Rojas*. However, intermediate appellate decisions are in conflict. In *People v. Brady* (1984) 162 Cal.App.3d 1 [208 Cal.Rptr. 21] (Fifth District), the court held that "upon remand for resentencing, even when the defendant is ineligible for probation, if the resentencing court has discretion to alter the length of the defendant's imprisonment, it must obtain a new, updated probation report, including information regarding the defendant's behavior while incarcerated during the pendency of any appeal, before proceeding with the resentencing." (*Id.,* at p. 7; accord *People v. Smith* (1985) 166 Cal.App.3d 1003, 1009 [212 Cal.Rptr. 737] [same district].) Although *Brady* was initially followed by the Third District (*People v. Foley* (1985) 170 Cal.App.3d 1039, 1045-1050 [216 Cal.Rptr. 865]), that court has since disavowed *Brady*'s determination that probation referral is mandatory rather than discretionary where the defendant is otherwise ineligible for probation. (*People v. Webb* (1986) 186 Cal.App.3d 401 [230 Cal.Rptr. 755], review den. Jan. 21, 1987.) Focusing on the explicit language of subdivision (g) of section 1203, the *Webb* court concluded that "when the defendant is ineligible for probation, the matter is still statutorily entrusted to the discretion of the trial court. The statute could not be more clear and unambiguous and in the absence of constitutional infirmity, and none appears, we must give effect to the legislative intent. (*People v. Magill* (1986) 41 Cal.3d 777, 779 [224 Cal.Rptr. 702, 715 P.2d 662]; *People v. Wright* (1979) 92 Cal.App.3d 811, 813 [154 Cal.Rptr. 926].) Accordingly, we are constrained to disagree with the decision in *Brady,* and to hold that when a defendant is ineligible for probation a referral to the probation officer is not mandatory but is a matter committed to the sound discretion of the sentencing court.[2]" (186 Cal.App.3d at p. 409.)[3]

We find the reasoning and conclusion in *Webb* persuasive and accordingly adopt that analysis herein. On the circumstances shown by the record herein, the decision whether to obtain a supplemental probation report lay within the discretion of the court. And no abuse of that discretion is manifested. Defendant made no request for a supplemental report; nor is there any indication that a current report would have provided the court with any essentially useful information for purposes of resentencing. The only question at resentencing was whether a full-length consecutive term should be imposed. The trial court had obviously reviewed and considered the transcript of the original sentencing in light of our intervening decision and remand. No error appears.

---

[3]In its footnote 2, at page 409, the court, adverting to the reasons identified in its *Foley* decision, pointed out the "obvious utility" of a current probation report at resentencing as recommended under the permissive requirement of California Rules of Court, rule 418.

## II

### *Sentencing**

. . . . . . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Elkington, J., and Newsom, J., concurred.

---

*See footnote, *ante,* page 1303.