[No. C006064. Third Dist. Mar. 26, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT JAMES KEE, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\* All portions of this opinion shall be published except part I, DENIAL OF CONTINUANCE.

COUNSEL

Fern M. Laethem, State Public Defender, under appointment by the Court of Appeal, Bertram C. White, Ellen J. Eggers, Jolie S. Lipsig, and Ronald F. Turner, Deputy State Public Defenders, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Michael Weinberger and Carlos A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**SIMS, Acting P. J.**—Defendant was convicted in different cases as follows:

In case number 79827, defendant pled guilty to one count of possession of heroin (Health & Saf. Code, § 11350) committed on March 30, 1987.

In case numbers 83725 and 85378, consolidated for trial, defendant was found guilty of two counts of possession of a concealable firearm by an ex-felon (Pen. Code,[1] § 12021) committed in September 1987 and February 1988.

In case number 86019, defendant was convicted of one count of burglary (§ 459) committed on August 12, 1988.

In the case arising out of his convictions for possession of a firearm, defendant contends the trial court abused its discretion in denying his request for a two-day continuance during trial. In an unpublished portion of

---

[1] Undesignated statutory references are to the Penal Code.

the opinion, we reject this contention. Defendant also argues that when the trial court ultimately sentenced him, the court erroneously applied on-bail enhancements (§ 12022.1). For reasons that follow, we will affirm the judgment.

## I. DENIAL OF CONTINUANCE*

. . . . . . . . . . . . . . . . . . . . . . .

## II. SENTENCING

*Facts and Procedure*

On March 30, 1987, defendant committed the offense of felony possession of heroin. (Health & Saf. Code, § 11350.)

On September 7, 1987, while released from custody for the heroin offense, he committed the offense of possession of a firearm by a ex-felon. (§ 12021.)

On February 16, 1988, while released from custody for the heroin offense and the firearm offense, defendant committed another offense of possession of a firearm by an ex-felon. (§ 12021.)

On February 24, 1988, pursuant to a guilty plea to the heroin offense, defendant was sentenced to five months in county jail and placed on probation for five years.

On August 12, 1988, while released from custody for the two firearm offenses, defendant committed burglary. (§ 459.)

The two firearm offenses were consolidated for trial; the jury returned guilty verdicts in November 1988.

Defendant was found guilty by jury of first degree burglary in December 1988.

Defendant was ultimately sentenced as follows:

The trial court selected the upper term of six years on the burglary as the base term. The court then recomputed the sentences on the two firearm offenses as subordinate consecutive terms of eight months each. The court

---

*See footnote, *ante*, page 1203.

added three 2-year on-bail enhancements under section 12022.1.[3] The court added four 5-year enhancements for prior serious felony convictions. (§ 667, subd. (a).) Defendant also received a concurrent eight-month sentence for violation of probation stemming from the heroin conviction. Thus, defendant was sentenced to a total of 33 years and 4 months in state prison.

*Discussion*

### A. *Imposition of Both Consecutive Sentence and Two-year Enhancement Does Not Violate Section 12022.1*

■ Defendant contends the trial court erred in imposing the two-year enhancements (§ 12022.1, subd. (b); fn. 3, *ante*), because the two-year enhancement cannot be imposed where the defendant is convicted of both the primary and secondary offense and is *sentenced* to state prison for each offense. He argues section 12022.1 itself compels this result, because subdivision (e)—the two-prison-sentence situation—contains no language imposing the two-year enhancement, whereas subdivision (f)—where a defendant receives probation for the primary offense—does contain language specifically imposing the two-year enhancement. (See fn. 3, *ante*.) Defendant

---

[3] Section 12022.1 provides in part:

"(a) For the purposes of this section only:

"(1) 'Primary offense' means a felony offense for which a person has been released from custody on bail or on his or her own recognizance prior to the judgment becoming final, including the disposition of any appeal, or for which release on bail or his or her own recognizance has been revoked.

"(2) 'Secondary offense' means a felony offense alleged to have been committed while the person is released from custody for a primary offense.

"(b) Any person arrested for a secondary offense which was alleged to have been committed while that person was released from custody on a primary offense shall be subject to a penalty enhancement of an additional two years in state prison which shall be served consecutive to any other term imposed by the court.

" . . . . . . . . . . . . . . . .

"(d) Whenever there is a conviction for the secondary offense and the enhancement is proved, and the person is sentenced on the secondary offense prior to the conviction of the primary offense, the imposition of the enhancement shall be stayed pending imposition of the sentence for the primary offense. The stay shall be lifted by the court hearing the primary offense at the time of sentencing for that offense and shall be recorded in the abstract of judgment. If the person is acquitted of the primary offense the stay shall be permanent.

"(e) If the person is convicted of a felony for the primary offense, is sentenced to state prison for the primary offense, and is convicted of a felony for the secondary offense, any state prison sentence for the secondary offense shall be consecutive to the primary sentence.

"(f) If the person is convicted of a felony for the primary offense, is granted probation for the primary offense, and is convicted of a felony for the secondary offense, any state prison sentence for the secondary offense shall be enhanced as provided in subdivision (b).

"(g) If the primary offense conviction is reversed on appeal, the enhancement shall be suspended pending retrial of that felony. Upon retrial and reconviction, the enhancement shall be reimposed. If the person is no longer in custody for the secondary offense upon reconviction of the primary offense, the court may, in its discretion, reimpose the enhancement and order him or her recommitted to custody."

also points out that, prior to a 1985 amendment, the statute specifically imposed the two-year enhancement in the two-sentence situation. (Stats. 1982, ch. 1551, § 2, p. 6050.) He thus concludes the amendment deleting specific reference to the two-year enhancement in the two-sentence situation (Stats. 1985, ch. 533, § 1, p. 1906) reflects a legislative intent not to impose the enhancement in that situation.

These arguments were rejected in *People* v. *Baries* (1989) 209 Cal.App.3d 313 [256 Cal.Rptr. 920]. We agree with *Baries's* analysis and therefore reject defendant's contentions.

### B. *Imposition of Both Consecutive Sentence and Two-year Enhancement Does Not Violate Section 654*

■ Defendant contends imposition of a consecutive sentence (§ 12022.1, subd. (e)) and a two-year enhancement (§ 12022.1, subd. (b)) constitutes impermissible double punishment for the same act "made punishable in different ways by different provisions" of the Penal Code within the meaning of section 654.[4]

*People* v. *Warinner* (1988) 200 Cal.App.3d 1352 [247 Cal.Rptr. 197] held section 654 did not apply to section 12022.1 enhancements, on the ground that section 654 is "inapplicable to enhancements because enhancements do not define an offense." (P. 1355.) The courts of appeal are divided on the question whether section 654 applies to enhancements. (See *People* v. *Rodriguez* (1988) 206 Cal.App.3d 517, 519 [253 Cal.Rptr. 633], and authorities there cited [holding § 654 inapplicable to enhancements]; compare *People* v. *Dobson* (1988) 205 Cal.App.3d 496, 501 [252 Cal.Rptr. 423] and authorities there cited [holding § 654 applicable to enhancements].)

We do not have to take sides in this dispute because, even assuming for the sake of argument section 654 may be properly applied to enhancements in some circumstances, it does not apply in the circumstances advanced by defendant. In essence, defendant says section 654 is violated because the Legislature has seen fit to punish a single statutory violation (commission of a felony while on bail) with two different punishments (a two-year prison term and a mandatory consecutive sentence) described in two different subdivisions of the same statute. (Fn. 3, *ante*.) However, section 654 does not apply where the Legislature has adopted multiple statutory provisions punishing a single statutory violation in different ways. Rather, section 654 applies where the defendant's act violates more than one statutory provision

---

[4]Section 654 provides in part: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; . . . ."

(and therefore usually constitutes the commission of more than one crime), and defendant would be punished for each violation in the absence of section 654.

This view of section 654 emerges from the way our Supreme Court has characterized and applied section 654. Thus, in *People* v. *Clapp* (1944) 24 Cal.2d 835 [151 P.2d 237], the court concluded section 654 was enacted to apply where "the same act may violate more than one statute, . . ." (P. 842.) In *People* v. *Knowles* (1950) 35 Cal.2d 175 [217 P.2d 1], the court remarked that section 654 applies where "two offenses [are] committed by the same act . . . ." (P. 186.) *Knowles* continued, "If a course of criminal conduct causes *the commission of more than one offense*, each of which can be committed without committing any other, the applicability of section 654 will depend upon whether a separate and distinct act can be established as the basis of each conviction, or whether a single act has been so committed that more than one statute has been violated." (*Id.* at p. 187, italics added; accord *Neal* v. *State of California* (1960) 55 Cal.2d 11, 19 [9 Cal.Rptr. 607, 357 P.2d 839].) Similarly, in *People* v. *Beamon* (1973) 8 Cal.3d 625, 636 [105 Cal.Rptr. 681, 504 P.2d 905], the court said section 654 "prohibits the imposition of punishment *for more than one violation* arising out of an 'act or omission' which is made punishable in different ways by different statutory provisions." (Italics added, fn. omitted.) Again, in *People* v. *Perez* (1979) 23 Cal.3d 545, 550-551 [153 Cal.Rptr. 40, 591 P.2d 63], the court said, "The purpose of this legislative protection against punishment *for more than one violation* arising out of an 'act or omission' is to insure that a defendant's punishment will be commensurate with his culpability." (*People* v. *Perez, supra*, 23 Cal.3d at pp. 550-551, italics added.) In line with these views, Witkin and Epstein have written that the purpose of section 654 "is to prevent *multiple punishment* for a *single act or omission*, even though the act or omission violates more than one statute, and thus constitutes *more than one crime*." (3 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Punishment for Crime, § 1382, p. 1625, original italics.)

We have been cited no authority for the view underlying defendant's argument, i.e., that section 654 prohibits the imposition of different, cumulative punishments for the same proscribed act where the Legislature has set out those punishments in different statutory provisions. Moreover, we have an obligation to give section 654 a reasonable construction in accord with the intent of the Legislature. (*People* v. *Pieters* (1991) 52 Cal.3d 894, 898-899 [276 Cal.Rptr. 918, 802 P.2d 420].) We can think of no reason why the Legislature would require itself to set out in a single statutory provision all the various punishments for a wrongful act. Carried to its logical conclusion defendant's view would effectively nullify statutory provisions that impose forms of punishment in addition to basic periods of incarceration. Common

examples are the various enhancement statutes themselves and the restitution fine. (Gov. Code, § 13967.)

Since defendant's profferred interpretation of section 654 is patently unreasonable we reject it. (See *People* v. *Pieters, supra,* 52 Cal.3d at p. 903.) Here, the sole statutory violation committed by defendant was his commission of a felony while released on bail. In subdivisions (b) and (e) of section 12022.1, the Legislature has ordained that defendant's statutory violation should be punished both by imposition of a two-year enhancement and by imposition of a consecutive sentence. Section 654 does not preclude imposition of these punishments.

### C. *Defendant's Sentence Does Not Violate the Double-base-term Limitation*

■ Defendant contends his sentence violates the double-the-base-term (DBT) limitation of section 1170.1, subdivision (g).[5]

As noted, defendant was sentenced to a base term of six years on the burglary, two subordinate consecutive eight-month terms on the firearm offenses pursuant to section 12022.1, three 2-year on-bail enhancements under section 12022.1, and four 5-year enhancements for prior serious felony convictions under section 667.[6]

Defendant argues: "The double-the-base term limit of section 1170.1, subdivision (g) requires that appellant be sentenced to a term no greater than twice the six-year base term, or 12 years, plus any enhancements that fall within the exceptions enumerated in the section." (Fn. omitted.) He points out his section 12022.1 enhancements, including both the mandatory consecutive subordinate terms and the two-year enhancements, totaled seven years and four months. Because section 12022.1 enhancements are

---

[5] Section 1170.1, subdivision (g) provides: "The term of imprisonment shall not exceed twice the number of years imposed by the trial court as the base term pursuant to subdivision (b) of Section 1170 unless the defendant stands convicted of a 'violent felony' as defined in subdivision (c) of Section 667.5, or a consecutive sentence is being imposed pursuant to subdivision (b) or (c) of this section, or an enhancement is imposed pursuant to Section 667, 667.5, 667.8, 667.85, 12022, 12022.2, 12022.4, 12022.5, 12022.55, 12022.6, 12022.7, 12022.75, or 12022.9, or an enhancement is being imposed pursuant to Section 11370.2, 11370.4, or 11379.8 of the Health and Safety Code, or the defendant stands convicted of felony escape from an institution in which he or she is lawfully confined."

[6] Section 667, subdivision (a), provides in part: "In compliance with subdivision (b) of Section 1385, any person convicted of a serious felony who previously has been convicted of a serious felony in this state . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively."

not specifically excluded from the DBT limitation by statute, defendant seeks a reduction of one year and four months, so that his section 12022.1 enhancements do not exceed his base term.

Defendant's argument is based on the mistaken premise that section 1170.1 dissects a sentence into component parts, with a separate inquiry as to whether each component may exceed the DBT limitation. This construction of section 1170.1 was rejected in *People* v. *Magill* (1986) 41 Cal.3d 777 [224 Cal.Rptr. 702, 715 P.2d 662], which held that "the presence of any of the specified enhancements [in subdivision (g)] makes the double-base term limitation entirely inapplicable. [Citation.]" (P. 780.) Here, defendant received four serious felony enhancements under section 667. Section 667 is an enhancement expressly enumerated in subdivision (g) of section 1170.1. (See fn. 5, *ante*.) Consequently, the DBT limitation was wholly inapplicable and defendant was properly sentenced. (*Magill, supra,* at pp. 780-781.)

### DISPOSITION

The judgment is affirmed.

Marler, J., and Scotland, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 6, 1991.