[No. F019965. Fifth Dist. July 11, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
VIRGIL DELL BULLOCK, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of Procedural History and part II of Discussion.

COUNSEL

Cynthia A. Thomas, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Cynthia G. Besemer and Shirley A. Nelson, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**THAXTER, J.**—This is an appeal following a resentencing hearing which was ordered by this court in an unpublished opinion that affirmed the convictions of appellant Virgil Dell Bullock on various felony charges but found sentencing error. In this appeal Bullock claims the trial court erred by not ordering and considering an updated probation report before imposing a new sentence. He relies on a series of cases from this court, starting with

*People* v. *Brady* (1984) 162 Cal.App.3d 1 [208 Cal.Rptr. 21], holding that the preparation of a supplemental probation report is required on remand even when the defendant is "completely and unalterably ineligible for probation" if the sentencing court has discretion to alter the length of the defendant's imprisonment.

In the published portion of this opinion we reexamine the *Brady* rule and conclude it cannot be squared with the clear language of Penal Code[1] section 1203, subdivision (g) which expressly gives the trial court discretion to refer the matter to the probation officer for investigation and report on facts relevant to sentencing when the defendant is ineligible for probation.[2] Because we conclude *Brady* incorrectly strips the trial court of discretion, we will no longer follow it. We further find no abuse of discretion in this case.

In the unpublished portion of the opinion we reject appellant's additional claim of sentencing error.

PROCEDURAL HISTORY*

. . . . . . . . . . . . . . . . . . . . . . . . . .

DISCUSSION

I. *Probation Report—Brady Revisited*

 Appellant contends the trial court was required to request and consider a new probation office report prior to resentencing on remand. The record reveals that although the probation officer was present at the resentencing hearing, no new updated probation report was prepared. In *People* v. *Brady, supra,* 162 Cal.App.3d 1, we rendered our first decision requiring the preparation of a supplemental probation report on remand even when the defendant is ineligible for probation. (Accord, *People* v. *Smith* (1985) 166 Cal.App.3d 1003, 1009 [212 Cal.Rptr. 737]; *People* v. *Warren* (1986) 179 Cal.App.3d 676, 687 [224 Cal.Rptr. 746]; *People* v. *Leffel* (1987) 196 Cal.App.3d 1310, 1318 [242 Cal.Rptr. 456]; *People* v. *Flores* (1988) 198 Cal.App.3d 1156, 1160 [244 Cal.Rptr. 322]; *People* v. *Mercant* (1989) 216 Cal.App.3d 1192, 1195 [265 Cal.Rptr. 315]; *In re L.S.* (1990) 220 Cal.App.3d 1100, 1103 [269 Cal.Rptr. 700]; see also *People* v. *Victor* (1991) 227 Cal.App.3d 518, 526 [278 Cal.Rptr. 7] [court stated *Brady* as rule but

---

· [1]All statutory references are to the Penal Code unless otherwise indicated.

[2]Appellant is statutorily ineligible for probation under sections 1203.065, subdivision (a), and 1203.075, subdivision (a)(9).

*See footnote, *ante,* page 985.

found trial court did not have discretion to alter sentence].) The decision in *Brady* is based on a conclusion that under current sentencing law, the trial court is expected to be fully informed of all relevant information, including the defendant's behavior while incarcerated, when making its sentencing decisions. (See *People v. Brady, supra*, 162 Cal.App.3d at pp. 6-7; §§ .1170, subd. (b), 1203, 1203.03; Cal. Rules of Court, rule 411(b).)

There is a split of authority on this issue. Although the Third Appellate District initially followed *Brady* in *People v. Foley* (1985) 170 Cal.App.3d 1039, 1045-1050 [216 Cal.Rptr. 865], it overruled its earlier decision in *Foley* and rejected the rationale of *Brady* in *People v. Webb* (1986) 186 Cal.App.3d 401, 409 [230 Cal.Rptr. 755], concluding a referral to the probation officer is not mandatory but is a matter committed to the discretion of the trial court when a defendant is ineligible for probation. The Third District's analysis focused on the express language of then section 1203, subdivision (g) which provided in relevant part: "If a person is not eligible for probation, the judge may, in his discretion, refer the matter to the probation officer for an investigation of the facts relevant to the sentencing of the person. Upon such referral, the probation officer shall immediately investigate the circumstances surrounding the crime and the prior record and history of the person and make a written report to the court of his findings." (Stats. 1982, ch. 247, § 1, p. 795.)

The First and Second Appellate Districts have followed *Webb*. (See *People v. McClure* (1987) 191 Cal.App.3d 1303, 1306 [237 Cal.Rptr. 90]; *People v. Goldstein* (1990) 223 Cal.App.3d 465, 470-472 [272 Cal.Rptr. 881]; *People v. Grimble* (1987) 196 Cal.App.3d 1058, 1062 [242 Cal.Rptr. 382]; *People v. Tatlis* (1991) 230 Cal.App.3d 1266, 1272 [282 Cal.Rptr. 55].) Although the Fourth Appellate District has cited *Brady* with approval, it has not actually applied the *Brady* holding. (*People v. Jackson* (1987) 189 Cal.App.3d 113, 118 [234 Cal.Rptr. 293]; *People v. Begnaud* (1991) 235 Cal.App.3d 1548, 1555-1556 [1 Cal.Rptr.2d 507].)[4]

Respondent argues *Brady* is incorrectly decided and asks us to reconsider our decisions on this issue. We accept the challenge.

In *Brady* this court based its conclusion on the sentencing statutory framework as a whole and the statutory and policy considerations identified

---

[4]In *People v. Jackson, supra*, 189 Cal.App.3d 113, the court held that on resentencing a trial court is not required to consider evidence regarding the defendant's postconviction treatment in prison and the "horrendous living conditions" at the prison. (*Id.* at pp. 119-120.) *People v. Begnaud, supra*, 235 Cal.App.3d 1548 is factually distinguishable because at the time of resentencing the defendant was eligible for probation, and a referral to the probation officer was required under section 1203, subdivision (b). (235 Cal.App.3d at p. 1555.) The Fourth District held that the defendant impliedly waived his right to a supplemental probation report. (*Id.* at p. 1556.)

in *People* v. *Rojas* (1962) 57 Cal.2d 676 [21 Cal.Rptr. 564, 371 P.2d 300]. The court did not expressly address the language of section 1203, subdivision (g). Similarly, subsequent decisions of this court relying on *Brady* do not mention that subdivision. (See *People* v. *Smith, supra,* 166 Cal.App.3d at p. 1009; *People* v. *Warren, supra,* 179 Cal.App.3d at p. 687; *People* v. *Leffel, supra,* 196 Cal.App.3d at p. 1318; *People* v. *Flores, supra,* 198 Cal.App.3d at p. 1160; *People* v. *Mercant, supra,* 216 Cal.App.3d at p. 1195; *In re L.S., supra,* 220 Cal.App.3d at p. 1103; *People* v. *Victor, supra,* 227 Cal.App.3d at p. 526.) We believe that failure flaws the reasoning and conclusion of *Brady* and its progeny, at least in light of 1984 amendments to section 1203, subdivision (g).[5] Clearly the Legislature knows how to make a referral for a probation report mandatory, and it has done so in some cases. Its failure to do so when the defendant is not eligible for probation reflects a legislative decision that a report is not required in every instance.

The California Rules of Court similarly distinguish between cases in which a defendant is eligible for probation and those in which he or she is not. Rule 411(a) instructs a trial court to refer a matter to probation when the defendant is eligible for probation. As to defendants ineligible for probation, however, rule 411(b) strongly recommends the trial court make the referral to probation (using the word "should") but falls short of using the mandatory "shall."

The statutory language is clear and should not be ignored. Section 1203, subdivision (g) confers discretion upon the trial court to decide whether a probation report should be provided for a probation-ineligible defendant. If a report is not required for such defendants upon original sentencing, we see no basis for holding that a report is required for resentencing after remand, assuming the defendant remains ineligible for probation. We believe *Brady* was incorrect in divesting the trial court of its discretionary power and mandating a probation referral in all cases.

This is not to say a probation report may not be helpful to a court on resentencing. The *Tatlis* decision acknowledges the utility of a probation

---

[5] In 1984 section 1203, subdivision (g) was amended to add a requirement of referral to the probation officer limited to investigation of facts relevant to determination of the amount of a restitution fine. (Stats. 1984, ch. 1340, § 3, p. 4725.) The statute now reads: "(g) If a person is not eligible for probation, the judge shall refer the matter to the probation officer for an investigation of the facts relevant to determination of the amount of a restitution fine pursuant to Section 13967 of the Government Code in all cases where the determination is applicable. The judge, in his or her discretion, may direct the probation officer to investigate all facts relevant to the sentencing of the person. Upon that referral, the probation officer shall immediately investigate the circumstances surrounding the crime and the prior record and history of the person and make a written report to the court of his or her findings. The findings shall include a recommendation of the amount of the restitution fine as provided in Section 13967 of the Government Code."

report and views the trial court's discretion as being narrowed by the strong suggestion in the California Rules of Court that obtaining a probation report is the preferred practice. The court thus concludes although the referral is not mandatory, there should be a sound reason for departing from the preferred practice of making the referral. (*People* v. *Tatlis, supra,* 230 Cal.App.3d at p. 1273.) We agree. There may be compelling reasons for ordering a probation report even when the defendant is ineligible for probation. The defendant's postconviction behavior and other possible developments remain relevant to the trial court's consideration upon resentencing. Still, in many cases obtaining a new report will be a meaningless exercise. The trial court is in the best position to evaluate the need for an updated report, with the input of counsel.

In *Tatlis,* the defendant requested a current probation report be prepared and the trial court refused to order one without giving any indication it was exercising discretion. Because there was no good reason appearing on the record for denying the defendant's request, and because he submitted materials in his petition for writ of habeas corpus showing a reasonable probability that new mitigating circumstances "will affect the sentencing calculus favorably," the matter in *Tatlis* was remanded to the trial court for reconsideration of the defendant's request. (230 Cal.App.3d at pp. 1274-1275.)

Here there is no showing the trial court abused its discretion in not ordering an updated report. There was no request by appellant for an updated report, no evidence that the trial court acted on incomplete information or that there was information which appellant wished to have considered that was not. (See *People* v. *McClure, supra,* 191 Cal.App.3d at p. 1306.) There is likewise nothing in the record here, as there was in *Tatlis,* suggesting the trial court incorrectly believed it could not order a probation report had it wanted to do so. Clearly the trial court was not following *Brady,* but it was not obligated to do so. ■ Under California's system of appellate review, the opinions of the various district appellate courts are equally binding on all the courts of inferior jurisdiction in the state. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].) ■ The trial court was free to follow the *Webb* line of cases and, based on the court's knowledge of the case, determine that an updated probation report would not likely alter the sentencing decision. The trial court obviously recognized the important role the probation office plays in sentencing—the assigned probation officer was present at the sentencing hearing and submitted updated information regarding credits and assisted the court by pointing out the need to consider the imposition of a restitution fine.

Appellant has offered nothing to indicate the information before the trial court was incomplete or inaccurate. We are entitled to presume that the

sentencing court properly exercised its discretion in imposing sentence absent contrary evidence. (*People* v. *Giminez* (1975) 14 Cal.3d 68, 72 [120 Cal.Rptr. 577, 534 P.2d 65]; *People* v. *Martinez* (1985) 175 Cal.App.3d 881, 896 [221 Cal.Rptr. 258]; *Ross* v. *Superior Court* (1977) 19 Cal.3d 899, 913 [141 Cal.Rptr. 133, 569 P.2d 727].)

There is no error and no need to remand for further proceedings.

In light of our conclusion, respondent's contentions regarding waiver and invited error are moot.

II. *Section 12022.3**

. . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

Judgment affirmed.

Ardaiz, Acting P. J., and Buckley, J., concurred.

A petition for a rehearing was denied August 3, 1994.

---

*See footnote, *ante*, page 985.