[Civ. No. 31026. Fourth Dist., Div. One. May 17, 1984.]

In re DEVIN J., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
DEVIN J., Defendant and Appellant.

COUNSEL

David A. Kay for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Frederick R. Millar, Jr., and Janelle B. Davis, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BUTLER, J.**—Devin J. appeals an order continuing him a ward of the juvenile court under Welfare and Institutions Code[1] section 602. Devin was charged with escaping from a juvenile facility (§ 871), five counts of burglary (Pen. Code, § 459), one count of vehicle theft (Veh. Code, § 10851), two counts of taking property (Pen. Code, §§ 484/488) and one count of receiving stolen property (Pen. Code, § 496, subd. 1). It was further alleged Devin was not fit to be dealt with under the Juvenile Court Law (§ 707).

The court certified Devin to juvenile court and Devin admitted the allegations he escaped a juvenile facility and committed two burglaries. The remaining counts were dismissed with *Harvey* waivers except for one count of vehicle theft.[2]

Devin was committed to the California Youth Authority (CYA) for the term of twelve years, six months.[3] He contends the disposition was improper as: (1) the court failed to properly consider alternative placement; (2) the probation department failed to file a current social study; (3) the court utilized facts underlying a dismissed count; and (4) the court relied on hearsay statements during the disposition hearing.

Since we decide the failure to prepare a current social study for dispositional hearing requires the order of commitment be reversed, we do not address other issues presented.

I

 Devin asserts the court was unable to give proper consideration to the feasibility of an alternative placement since the probation department did not prepare a current social study for the dispositional hearing.

Preparation of a current social study is mandated by statute. Section 280 provides in pertinent part: "It shall be the duty of the probation officer to prepare for every hearing on the disposition of a case provided by Section

---

[1]All statutory references are to the Welfare and Institutions Code unless otherwise specified.

[2]*People* v. *Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396], held it is unfair to permit a sentencing court to consider any facts underlying an unrelated wholly separate count dismissed under a plea bargain for purposes of aggravating or enhancing a defendant's sentence.

[3]Upon examination of the superior court file (113-559), we find under an ex parte order dated June 29, 1983, Devin's order of commitment was corrected to a maximum of three years, ten months, nunc pro tunc.

356 or 702 a social study of the minor, containing such matters as may be relevant to a proper disposition of the case. Such social study shall include a recommendation for the disposition of the case." (See also Cal. Rules of Court, rule 1371(b) and (d).) The probation department prepared a social study at the same time it prepared its evaluation to determine whether Devin was a fit subject for juvenile court. (§ 707.) The report recited the reason for the hearing, the allegations of the petition, the status of the minor (setting out he was detained in juvenile hall), the statement of the minor, social information, "707(a) criteria," including a discussion of: (1) the degree of criminal sophistication exhibited by the minor, (2) can the minor be rehabilitated prior to the expiration of juvenile court jurisdiction, (3) the minor's previous delinquent history, (4) the success of previous attempts by the juvenile court to rehabilitate the minor, (5) circumstances and gravity of the offenses allegedly committed by the minor, and an evaluation and recommendation.

The evaluation was based on all the offenses charged: "Devin is appearing before the Court on an escape from Rancho Del Rayo and offenses involving stealing a car and stealing parts and items from five other cars during the AWOL." Included in the recommendation Devin be certified a juvenile was the further recommendation: "4. that he be referred and committed to the California Youth Authority." Following the probation department's recommendation, the court found Devin a fit subject to be dealt with under the Juvenile Court Law on May 12, 1983. On May 16, 1983, Devin admitted the allegations he escaped a juvenile facility and committed two burglaries. Devin's lawyer requested "a separate hearing for disposition" and the hearing was set for June 1.

At the start of the dispositional hearing the court asked: "There's no report more current than the 707 evaluation and social study?" The court officer informed the court: "Your honor, I have just a memo from the probation officer that states that 'the attached true finding: escape from R.D.C. and two counts of malicious burglary, maximum term 12 years and 6 months; auto theft dismissed. No change from recommendation. I recommend fitness with a CYA commitment. Nothing has changed to make me feel any other recommendation would be suitable at this time.' "

## II

The purpose and focus of a fitness hearing is drastically different from the purpose and focus of a dispositional hearing. At a fitness hearing the court decides whether a minor is amenable to treatment but at a dispo-

sitional hearing the court decides what treatment is suitable to rehabilitate the youngster.

According to section 707, in deciding whether to certify a minor for Juvenile Court Law, the court is guided by the probation officer's report which considers: (1) the degree of criminal sophistication exhibited by the minor, (2) whether the minor can be rehabilitated prior to the expiration of juvenile court jurisdiction, (3) the minor's previous delinquent history, (4) success of previous attempts by the juvenile court to rehabilitate the minor, (5) the circumstances and gravity of the offense alleged to have been committed by the minor. The section 707 social study may include all the usual materials supportive of a juvenile dispositional recommendation but at the time he prepares his probation report the probation officer does not know whether the court is going to accept the case or remand it to the adult court for further proceedings.

Thus, while the starting point for the 707 social study may be similar to that for the dispositional hearing report the determination whether a minor is a fit subject for Juvenile Court Law and juvenile treatment facilities does not include an exploration of and recommendation to the wide range of alternative facilities potentially available to rehabilitate the minor.

At the disposition hearing the court receives in evidence the social study of the minor made by the probation officer "and such other relevant and material evidence as may be offered . . . ." (§ 706.) The range of alternatives is limited only by the resourcefulness and creativity of defense counsel and the probation department.[4]

Indeed, the Juvenile Court Law itself sets forth a wide variety of specific dispositions.

The court begins with three basic alternatives: (1) dismissal; (2) probation; or (3) wardship. (§ 725; see also Cal. Rules of Court, rule 1372(a).) The court may choose physical confinement and place the minor at a juvenile hall, ranch or camp or forestry camp or other secured juvenile home or order a private open institution.

Section 727 provides the court may order any of the following placements: (1) the home of a relative, (2) a suitable licensed community care

---

[4]We recognize funding difficulties may have narrowed the range of available placements but are compelled to trust this problem to a different forum.

facility, and (3) a home-finding agency to be placed in a suitable family home which has been certified by the agency as meeting licensing standards.

The parent or guardian may be required to participate with the minor in a counseling program with an appropriate agency.

Additional alternatives include: Referral to the Youth Authority for diagnostic study (§ 704); detention pending execution of an order of commitment or of another disposition (§ 737); procedures provided in section 6550 or Penal Code section 4011.6 if mentally disordered or there is doubt concerning mental health (§ 705); transfer out of state (§ 738); referral for medical, surgical or dental care (§ 739); referral for psychiatric and psychological services (§ 741); dismissal (§ 782); or placement in out-of-county facilities (§ 888). (Thompson, Cal. Juvenile Court Deskbook (2d ed. Jan. 1984) § 9.2, p. 155(a).)

■ We conclude a social study prepared for the limited purpose of a fitness hearing fails to comply with the requirement of a current social study for a dispositional hearing. The use of the same report here was prejudicial to Devin. (Cf. *In re Eugene R.* (1980) 107 Cal.App.3d 605 [166 Cal.Rptr. 219].)[5] From the information before it the court was unable to exercise its discretion in choosing among alternative treatment facilities to find the least restrictive treatment facility available. (See § 202.)

Although the social study concluded with a "recommendation" Devin be committed to the Youth Authority this reference in a section 707 report should be given no further meaning than as support to the conclusion the minor is amenable to treatment in a juvenile facility. To elevate this "recommendation" to preclude all other consideration of treatment when undoubtedly no thought was given to other possibilities violates the purposes of the Juvenile Court Law and denies the minor a fair and complete hearing. Devin is entitled to a social study which recommends a suitable placement based on his history and any other relevant and material factors. We sympathize with the probation department's budgetary constraints but due process demands a current social study prepared for the purpose of disposition. We cannot condone the cutting of corners when a youngster's rehabilitation and future prospects are at stake.

---

[5]We decided in *In re Eugene R., supra,* that social study substantially complied with the statutory mandate of a current social study and was not prejudicial to the minor. There, a complete study was filed in conjunction with a dispositional hearing on an earlier petition. Approximately five weeks later another report was prepared by the probation department setting forth "the jurisdictional facts, the minor's prior record and an independent evaluation" pursuant to a second petition. The second petition involved the minor's assaulting staff at the ranch facilities to which he had been committed the first time. Both reports prepared by the probation department focused on disposition. The second report prepared five weeks later included an independent evaluation.

Here, the social study used at the dispositional hearing was not prepared for that purpose.

The true findings of the petition are affirmed. The order of commitment is reversed.

Cologne, Acting P. J., and Wiener, J., concurred.