[No. F012431. Fifth Dist. May 24, 1990.]

In re L. S., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
L. S., Defendant and Appellant.

**COUNSEL**

Michael Freund, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney

General, William G. Prahl and Mary Jane Hamilton, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BROWN, (G. A.), J.***—This is an appeal from juvenile court orders adjudicating appellant L.S., a minor, a ward of the court (Welf. & Inst. Code,[1] § 602) and committing him to the California Youth Authority (CYA). The juvenile court's adjudication followed its finding that the minor had violated Health and Safety Code section 11351.5 (possession of cocaine base for the purpose of sale). Because the juvenile court did not have the benefit of a current social study at the disposition hearing, appellant contends it improperly committed him to CYA. We agree and will reverse.

### FACTS

On April 23, 1989, a Fresno police officer drove to the area of West Strother Street based on an anonymous tip about drug sales in the area. When the officer arrived on the scene, he found appellant talking to the driver of a double-parked car. When he became aware of the officer, appellant turned away from the vehicle and started walking to the sidewalk. As he walked, he placed a cellophane object into the crotch of his pants.

The officer detained appellant and during a subsequent search of the minor's crotch, seized a cellophane cigarette package containing .55 grams of cocaine base or rock cocaine. The officer also found $198 in appellant's front pocket.

Based on the foregoing, a juvenile court petition was filed on April 25, 1989, alleging appellant came within section 602, in that on April 23, he possessed cocaine base for sale (Health & Saf. Code, § 11351.5). At an adjudication hearing on June 23, 1989, Judge Caeton found appellant violated Health and Safety Code section 11351.5; he referred the matter to the probation department for a report and set a hearing date of July 7. The clerk's minute order adds: "Rev. hrg 7/7/89 #A 8am—assessed for SAU [substance abuse unit] and adjust programs also."

Based on the minute order, the probation officer assigned to the case believed he was only required to prepare a review report rather than a "full"

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.

[1] All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

disposition report. The district attorney's office subsequently informed the probation officer the hearing scheduled for July 7 was for disposition in the matter. The probation officer could not prepare a disposition report in time for the July 7th hearing. In a report to the juvenile court, he requested the July 7th hearing "be continued to allow adequate time to prepare the report and recommendations."

Judge Austin, who was new at the juvenile court, presided at the July 7th disposition hearing. The public defender correctly argued that a social studies report was required because the matter was on for disposition. The probation officer informed the court orally that appellant was ineligible for "adjust program" because he had served a 120-day commitment at the Asjian Treatment Center in 1987 for a prior finding of possession of cocaine for sale. In regard to the substance abuse unit (SAU), the probation officer indicated he needed more time to arrive at a decision because the probation officer had not determined if the minor had a substance abuse problem.

Nevertheless, the court made a finding that it had considered all local, less restrictive programs and forms of custody and was fully satisfied that they were inappropriate dispositions and that the minor could better benefit from programs provided by the CYA. The court then adjudged appellant a ward of the court pursuant to section 602 and committed him to CYA for a maximum term of five years.

### Discussion

■ Initially we think it instructive to point out by way of analogy that cases in the criminal area hold a defendant is entitled to an updated current probation report before being resentenced after reversal on appeal and remand for resentencing. (*People* v. *Flores* (1988) 198 Cal.App.3d 1156, 1160 [244 Cal.Rptr. 322]; *People* v. *Brady* (1984) 162 Cal.App.3d 1, 7 [208 Cal.Rptr. 21]; *People* v. *Cooper* (1984) 153 Cal.App.3d 480 [200 Cal.Rptr. 317].) Absent such a report the cause must be reversed and remanded for an updated probation report and further sentencing.

■ In the juvenile justice area it is the duty of the probation officer to prepare a social study of the minor for every disposition hearing after the juvenile court has found the minor to be a ward of the court pursuant to section 602. (§§ 280, 702; Cal. Rules of Court, rule 1495.)[2] The social study

---

[2] Section 280 provides in relevant part: "It shall be the duty of the probation officer to prepare for every hearing on the disposition of a case . . . as is appropriate for the specific hearing, or, for a hearing as provided by Section 702, a social study of the minor, containing such

shall contain "such matters as may be relevant to a proper disposition of the case" and a "recommendation for the disposition of the case." (§ 280.) The juvenile court shall receive the social study into evidence at the disposition hearing (§ 706), and "In any order of disposition the court shall state that the social study has been read and considered by the court." (Cal. Rules of Court, rule 1495.)

Use of the word "shall" in section 280 and rule 1495 of the California Rules of Court denotes the preparation, submission and consideration of a social study before the court makes a dispositional decision is mandatory. (§ 15; Cal. Rules of Court, rule 1401(b)(1); *Holt* v. *Superior Court* (1960) 186 Cal.App.2d 524, 527 [9 Cal.Rptr. 353]; *In re Eugene R.* (1980) 107 Cal.App.3d 605, 614-615 [166 Cal.Rptr. 219].)

The information contained in a properly prepared social study report is central to the juvenile court's dispositional decision. While there are no precise requirements outlined in the code or case law as to the contents of the social study, drawing an analogy from what the juvenile court must consider in making a disposition, the probation officer's report should address, in addition to other relevant and material evidence, the age of the minor, his social, personal and behavioral history, the circumstances and gravity of the offense committed by the minor, and the minor's "previously delinquent history." (§ 725.5.) The social study should also include "an exploration of and recommendation to the wide range of alternative facilities potentially available to rehabilitate the minor." (*In re Devin J.* (1984) 155 Cal.App.3d 1096, 1100 [202 Cal.Rptr. 543].) Implicit in this requirement appears to be some insight into the minor's problems in order for the

---

matters as may be relevant to a proper disposition of the case. The social study shall include a recommendation for the disposition of the case."

California Rules of Court, rule 1495, provides in relevant part: "(b) Prior to every disposition hearing, the probation officer shall prepare a social study concerning the child, which shall contain those matters relevant to disposition and a recommendation for disposition. If the child is a parolee of the Youth Authority, the social study shall include the results of any contact between the probation officer and the parole officer. The social study shall be furnished to all parties at least 48 hours prior to the commencement of the disposition hearing by depositing copies with the clerk. A continuance of 48 hours shall be granted upon request of any party who has not been furnished the probation officer's report in accordance with this rule.

"⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅

"(d) The court shall receive in evidence the social study prepared by the probation officer and other relevant and material evidence offered by the petitioner, the child, or the parent or guardian. The court may receive other relevant and material evidence on its own motion. In any order of disposition, the court shall state that the social study has been read and considered by the court."

Appellant cites rule 1371 in his briefing. However, the Judicial Council repealed rule 1371, effective July 1, 1989 and replaced it effective the same date with rule 1495 which contains the identical provision.

probation officer to make a recommendation with rehabilitation in mind. (See § 202, fn. 4, *post*.)

In arriving at its dispositional decision, the juvenile court must also have in mind the provisions of section 734[3] and section 202, subdivision (b)[4] as well as the command of *In re Aline D.* (1975) 14 Cal.3d 557 [121 Cal.Rptr. 816, 536 P.2d 65], which requires proper consideration be given to less restrictive programs before a commitment to CYA is made. (See *In re Michael D.* (1987) 188 Cal.App.3d 1392, 1396 [234 Cal.Rptr. 103].)

On this record, without the benefit of a current social study there is no evaluation or insight into appellant's problems, aside from the obvious Health and Safety Code violation. Given the law's concern for rehabilitation of minors, tempered with accountability (§ 202, see fn. 4 *ante*), it would seem impossible without the benefit of a current social study for the juvenile court to give the required sensitive consideration to all of the factors required to make any commitment, much less a CYA commitment which requires evidence of a probable benefit to the minor and the inappropriateness of less restrictive alternatives.

More specifically in this instance there were unanswered questions as to whether appellant had a substance abuse problem and whether appellant would be eligible for commitment to the local substance abuse program. A social study would have given this information and other current personal, social and behavioral information to fill the 19-month gap between his former commitment to the social adjustment program and the time of the current commitment. ■ The social study report prepared 19 months earlier as a result of appellant's 1987 possession-for-sale finding does not satisfy this requirement.[5]

Relying on *In re Eugene R., supra*, 107 Cal.App.3d at pages 614-615, respondent argues it is not reasonably probable that had the juvenile court

---

[3] Section 734 provides: "No ward of the juvenile court shall be committed to the Youth Authority unless the judge of the court is fully satisfied that the mental and physical condition and qualifications of the ward are such as to render it probable that he will be benefited by the reformatory educational discipline or other treatment provided by the Youth Authority."

[4] Section 202, subdivision (b) provides, in relevant part: "Minors under the jurisdiction of the juvenile court as a consequence of delinquent conduct shall, in conformity with the interests of public safety and protection, receive care, treatment and guidance which is consistent with their best interest, which holds them accountable for their behavior, and which is appropriate for their circumstances. Such guidance may include punishment that is consistent with the rehabilitative objectives of this chapter. Juvenile courts and other public agencies charged with enforcing, interpreting and administering the Juvenile Court Law shall consider the safety and protection of the public and the best interest of the minor in all deliberations pursuant to this chapter."

[5] It is not formally part of the record on this appeal.

received a formal, written, updated social study before disposition, a result more favorable to the minor would have occurred. The argument is grounded on a social study done on appellant nineteen months earlier as a result of a former offense and an oral report from the probation officer at the time of the dispositional hearing, at which the probation officer orally explained that because this was appellant's second drug-sale violation in less than two years, neither of the two local programs would be recommended for appellant. On its face, a recommendation that appellant be committed to CYA because of two possession-for-sale determinations does not satisfy the requirements of a social study as required by section 280 and California Rules of Court, rule 1495.

After holding it is mandatory to have a current social study prepared, the court in *In re Eugene R.,* found there was substantial compliance with the requirement. (107 Cal.App.3d at p. 615.) Because of the peculiar facts of *In re Eugene R.,* we have no quarrel with that precise holding. ██ However, we disagree with *In re Eugene R.* insofar as it suggests the probation officer's failure to prepare and file, and the court's failure to consider a current social studies report in compliance with section 280 and rule 1495 is subject to harmless-error analysis under *In re Ronald E.* (1977) 19 Cal.3d 315, 325 [137 Cal.Rptr. 781, 562 P.2d 684], and *People v. Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].

There are important reasons for requiring a social study to be in writing. The writing requirement assures diligent investigation, thoroughness in collection and analysis of facts, and reasoned judgments in the opinions and conclusions expressed. Also, the writing requirement assures a degree of author accountability, unattainable in opinions expressed orally upon the spur of the moment without all the facts and absent thorough study. Further, the requirements of California Rules of Court, rule 1495, that the report be received in evidence and the juvenile judge recite on the record he has read and considered the report, point up the importance the authors of rule 1495 have placed on the social study report.

A harmless-error analysis is a highly subjective process. When a social study report is not filed, it is nigh impossible for an appellate court to decide whether a juvenile judge would or would not have made the same decision had one been filed. In any event, the reasoning process involved in a harmless-error analysis diminishes the protection afforded to minors by the mandatory requirements that a written social report be prepared, made available to the minor's counsel, filed, and read and considered by the juvenile judge before he makes his disposition. Considering the special solicitude the law has always shown toward minors, we do not think the drafters of section 280 and rule 1495 of the California Rules of Court could have intended the

mandates of those sections to be so qualified. Accordingly, we conclude if the requirements are not complied with, reversal is required.

That part of the order finding appellant was subject to juvenile court jurisdiction is affirmed; the order is otherwise reversed and the cause remanded for further proceedings consistent with this opinion.

Martin, Acting P. J., and Stone (W. A.), J., concurred.