Filed 2/28/14  In re Nicolas R. CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (San Joaquin)

----

| | |
|---|---|
| In re NICOLAS R., a Person Coming Under the Juvenile Court Law. | C072592 |
| THE PEOPLE, | (Super. Ct. No. 69274) |
| Plaintiff and Respondent, | |
| v. | |
| NICOLAS R., | |
| Defendant and Appellant. | |

The minor, Nicolas R., admitted that he committed battery on two peace officers, his mother, and his sister.  After failing informal probation by committing robbery to which he entered a plea in criminal court, the juvenile court adjudged the minor a ward of the court and granted probation.  The minor appeals, contending the juvenile court violated his right to due process by (1) adjudging him a ward without a social study and (2) imposing an unauthorized fine.  We reject both contentions and shall affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

On May 27, 2012, the then 16-year-old minor battered his mother and sister in the family home and the police were called. The minor resisted the responding officers, kicking one officer in the back and another officer in the knee. The minor was under the influence of alcohol. A petition filed on May 30, 3012, alleged the minor came within the meaning of Welfare and Institutions Code section 602[1] in that he committed four counts of battery, two on peace officers, one on his mother and one on his sister. The petition also alleged resisting or delaying an officer and disorderly conduct.

A detention report filed May 30, 3012, stated that the minor's mother described the 16-year-old minor as " 'out of control' " and that she refused to pick the minor up from juvenile hall. The minor had not previously been adjudged a ward of the court.

At the detention hearing on May 31, 2012, the minor was further detained since his mother refused custody at that time and was willing to pay for his housing. The mother advised the court that the minor used alcohol and marijuana almost daily, had an anger issue, did not stay home at night, and that she was concerned for the safety of herself and the minor's younger brother.

The next day, at a detention review hearing, the minor denied the allegations in the petition. The minor's mother advised that the minor needed help with drug and alcohol problems and anger management although the minor had had anger management counseling for years. The minor's attorney confirmed that the minor had acknowledged a substance abuse problem. The minor was released to his mother on the electronic monitoring program (EMP). He was ordered to attend counseling, treatment and classes on substance abuse.

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

At a subsequent hearing on June 14, 2012, the minor continued to remain with his mother on EMP. The minor's mother reported that the minor had been attending substance abuse treatment meetings twice a week. The minor's attorney sought a section 654.2/725 suitability report and the court so ordered and set a contested jurisdictional hearing for August 6, 2012.

A month later, the electronic bracelet was removed so that the minor could go on a short trip with his family. The minor remained released to his mother but on home supervision and house arrest.

A section 654.2 report filed on July 17, 2012, recounted the following. Besides the minor's current May 2012 offenses, the minor was cited for trespassing on railroad property in December 2011 and for shoplifting a bottle of liquor from a grocery store in February 2010.

The minor and his family had six referrals to Child Protective Services. The minor was the alleged victim of physical abuse by his father in April 2011, December 2009, and March 2006, and in each instance, the referral was "unfounded." In November 2006, the minor was the alleged victim of physical abuse by his mother and father and the minor's siblings were listed as alleged victims at risk. The referral was "evaluated out." In June 2006, the minor and his siblings were listed as alleged victims of emotional abuse by their mother and father. The referral was "inconclusive." In February 2004, the minor's brother was allegedly sexually abused and the referral was "evaluated out."

The minor's mother and father had been separated since 2008. The father was a truck driver and the mother was an office coordinator. The father had no criminal history but the mother was convicted in December 2006 of domestic violence and granted probation. The minor, who has a younger brother and an adult half sister, had lived in Stockton all of his life.

3

Prior to his current offenses, the minor had been attending "One. Discover" but was dropped from enrollment when he was detained. He planned to reenroll in the fall. He was not a special education student. He lacked the required credits to be an 11th grader.

The minor reported he drank " '[o]ften with friends,' " used marijuana " '[w]ith friends a lot,' " and used Vicodin " '[o]nce in a while.' " Although not a documented gang member, he reported that he associated with gang members. The minor did not have any health problems, did not take any medications, and had apparently not been psychologically tested. He never worked. The minor claimed he had stopped consuming alcohol and smoking marijuana. The mother reported that the minor's behavior improved on EMP.

Based on the circumstances of the May 2012 offenses, the probation officer concluded that the minor was not suitable for section 654.2/725 consideration. The probation officer recommended that the court adjudge the minor a ward, place him on supervised probation with credit for time served and order the minor to complete an anger management program and substance abuse counseling. The probation officer recommended numerous other conditions including a $25 restitution fine with a 10 percent collection fee (§ 730.6, subds. (b)(2) & (q)), a $25 general fund fine (§ 731, subd. (a)(1)), and $56.88 in penalty assessments.

At the July 30, 2012 hearing, the minor's attorney requested a continuance of the August jurisdictional hearing in order to provide additional information to probation for section 654.2/725 consideration, arguing the minor had been addressing his alcohol abuse. The prosecutor opposed and the court denied the request.

At the jurisdictional hearing on August 6, 2012, the minor's attorney and the minor's mother claimed that the minor was doing better and going to the substance abuse classes. The minor admitted the four battery allegations and the prosecutor dismissed the

4

resisting and disorderly allegations. The court ordered the minor to complete informal probation pursuant to section 725. The court advised the minor that if he successfully completed the six-month informal probation period the petition would be dismissed but, if not, he would be "sentenc[ed]." The minor was required to talk with probation about a substance abuse program.

Less than two weeks later, on August 17, 2012, the minor approached an employee at a recycling business, simulated having a gun, and demanded money, threatening to shoot the employee if he refused. The employee handed over some cash and the minor fled.

On September 6, 2012, the probation officer filed a request for an order to show cause and for a juvenile wardship petition alleging the robbery (a felony) and noted the matter had been referred to adult court. On October 29, 2012, the prosecutor filed a juvenile wardship petition alleging the robbery.

On October 31, 2012, the minor's attorney represented that in adult court the minor had been offered a plea deal or, in the alternative, to be remanded to juvenile court for juvenile disposition. The minor chose an adult conviction with which his attorney disagreed. The minor entered a plea in exchange for five years of formal supervised probation with six months in custody and subject to the usual terms and conditions. On the prosecutor's motion, the court dismissed the October juvenile wardship petition that alleged the robbery.

Initially, after much discussion between the court and counsel in view of the minor's adult felony probation, the court intended not to adjudge the minor a ward for his May 2012 battery offenses. When the issue of fees and fines was raised, further discussion ensued and the court then ordered the minor's section 725 informal probation terminated for failure to comply due to his criminal conviction, adjudged the minor a ward of the court, granted him credit for time served, and placed him on juvenile

5

probation. The probation officer stated that the minor "will probably go on our unsupervised caseload" since he would be on adult probation as well. The court imposed fees and fines and the minor's attorney lodged an unspecified objection.

## DISCUSSION

### I. Social Study

The minor first contends that the juvenile court adjudged him a ward without having the probation officer prepare a social study for the dispositional hearing, violating his due process rights. He claims the error was prejudicial, requiring reversal and remand for such a study. We reject his contention.

Whenever a minor appears before a juvenile court for disposition, he is entitled to have the court review his entire record including a current social study. The social study prepared by the probation officer must contain matters relevant to disposition and a recommendation for disposition. (§§ 280, 702, 706.5; Cal. Rules of Court, rule 5.785; see *In re Deon W.* (1998) 64 Cal.App.4th 143, 147.)

The minor raises the issue of the lack of a social study for the first time on appeal. At the October 2012 dispositional hearing, the minor's attorney did not request a social study, did not ask for a continuance on the ground that a social study had not been prepared, and did not request a continuance for a contested disposition. "It is well established that procedural errors may not be raised at the appellate level if they were not raised in the trial court level. '[E]ven constitutional rights, including those of a minor in the area of juvenile court procedure, will ordinarily be waived by silence, i.e., by their nonassertion.' " (*In re Christopher S.* (1992) 10 Cal.App.4th 1337, 1344.) The issue is forfeited. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 880-885; *In re Travis W.* (2003) 107 Cal.App.4th 368, 379; *In re Josue S.* (1999) 72 Cal.App.4th 168, 170-173; *In re Amos L.* (1981) 124 Cal.App.3d 1031, 1038 [§ 300 dependency case].) In any event,

there was "substantial compliance" with the requirement of a current social study. (*In re Eugene R.* (1980) 107 Cal.App.3d 605, 614-615 (*Eugene R.*) [same court declined to follow on other grounds in *Nickolas F. v. Superior Court* (2006) 144 Cal.App.4th 92, 115, fn. 20].)

The minor misplaces his reliance upon *In re L.S.* (1990) 220 Cal.App.3d 1100.  In *L.S.,* the minor was adjudged a ward and committed to California Youth Authority for possession of cocaine base for sale.  (*Id.* at p. 1102.)  The minor's attorney argued that a social study report was required for disposition and the probation officer had requested a continuance to prepare a report and recommendation concerning a substance abuse program.  (*Id.* at pp. 1102-1103.)  At the hearing, the juvenile court heard the oral presentation by the probation officer concerning the minor's ineligibility for an "adjust program" because he attended such a program 19 months before for a prior drug offense. *L.S.* reversed, concluding that without a current social study, the juvenile court could not consider all factors concerning the minor's commitment.  (*Id.* at pp. 1103, 1105.)

Here, the court knew the minor's entire record since the court had reviewed several reports, including a May 2012 detention report, a July 2012 social history report pursuant to section 654.2, and an August 2012 detention report, which contained information relevant to disposition.  The July report recounted the minor's offenses, his family situation, his drug and alcohol abuse, his education, and recommendations for disposition.  At the July hearing, the minor's attorney detailed the minor's alcohol history and addiction and that the minor was in the process of rehabilitation by attending Alcoholics Anonymous classes.  The August  report updated the court on the minor's new offense and at the October hearing, the court learned from the minor's attorney that the minor had entered a plea in adult court and was granted formal probation for a term of five years with six months in custody and subject to the usual terms and conditions.  The October wardship petition— alleging the robbery—was dismissed on motion of the

prosecutor and the section 725 informal probation for the May offenses was terminated as unsuccessful based on the minor's robbery offense. During the October hearing, the court and parties recognized that it would be redundant to have the minor on both adult and juvenile probation but he had not successfully completed informal probation and was thus not deserving of termination of the petition. The court adjudged the minor a ward and granted probation knowing that the minor would be under supervision of adult probation. A current social study under the circumstances would not have resulted in a more favorable disposition. (*Eugene R.*, *supra*, 107 Cal.App.3d at p. 615.) Any error was harmless.

## II. Restitution Fine

At the October hearing, the court ordered the minor and his parents to pay a $25 restitution fine with a 10 percent collection fee (§ 730.6, subds. (b)(2) & (q)), a $25 general fund fine (§ 731, subd. (a)(1)), and $56.88 in penalty assessments. The minor's attorney stated, "And we're going to object to those."

The minor only challenges the $25 fine imposed pursuant to section 731, subdivision (a)(1), claiming it was unauthorized because the juvenile court failed to determine his ability to pay it. We conclude that the minor has forfeited this claim; a general objection did not give the court a meaningful opportunity to correct any error so the minor has forfeited his right to object to the court's failure to determine his ability to pay it. (*People v. McCullough* (2013) 56 Cal.4th 589, 591, 594, 599; *People v. Crittle* (2007) 154 Cal.App.4th 368, 371; *People v. Valtakis* (2003) 105 Cal.App.4th 1066, 1069-1072; *People v. De Soto* (1997) 54 Cal.App.4th 1, 8-10.)

The minor misplaces his reliance upon *In re Steven F.* (1994) 21 Cal.App.4th 1070, which discussed section 730.6, not section 731. (*Steven F.*, at pp. 1075-1080.) Further, as the People claim, *Steven F.* does not explain why it did not apply the forfeiture rule. (*Id.* at pp. 1073, fn. 2, 1079-1080.)

**DISPOSITION**

The judgment (dispositional order) is affirmed.

       BUTZ       , J.

We concur:

     BLEASE     , Acting P. J.

     MURRAY     , J.

9