Filed 3/12/13  P. v. Loza CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL ANGELO LOZA,<br><br>    Defendant and Appellant. | D060099<br><br><br><br>(Super. Ct. No. SCD228746) |

APPEAL from a judgment of the Superior Court of San Diego County, Howard H. Shore, Judge.  Affirmed.

A jury found Michael Angelo Loza guilty of two counts of unlawfully possessing a firearm, and one count each of assault with a firearm and shooting at an occupied motor vehicle.  It found true a firearm enhancement and three gang enhancements.  Loza admitted a prior strike allegation.  He also pleaded guilty to committing assault with a firearm, a count that arose on a different date and on which the jury had failed to reach a verdict, and a connected prior strike allegation.  The

trial court sentenced him to a total prison term of 30 years to life, plus 13 years 4 months.

Loza claims the trial court erred in failing to instruct the jury sua sponte on the offense of negligent discharge of a firearm as a lesser included offense to shooting at an occupied motor vehicle. He also asserts that his sentence is cruel and unusual. We reject his contentions and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

On the evening of May 25, 2010, Alex Vejar drove his truck behind a blue pickup truck with a Chargers logo on the rear window. The blue pickup truck was driven by Loza, a self-proclaimed member of a criminal street gang. Loza pulled his truck over to the right side of the street and stopped. As Vejar drove past, Loza shot at Vejar's truck several times.

A police officer described Vejar's truck as a "mess" with "a whole bunch of bullet holes." The back window and the passenger window had been shot out. The truck had shotgun pellet holes in the front hood and rear tailgate. The interior roof of the truck also suffered damage from either the shotgun pellets or broken glass. The gunshot damage was consistent with someone opening fire on the truck as it drove by the shooter. On the street, officers found broken glass, the rubber gasket for a window, two shotgun shells and two shotgun waddings. The expended shells were fired from a shotgun later found in Loza's backyard. Police also found a revolver and holster in Loza's home, with the holster testing positive for Loza's DNA.

DISCUSSION

I. *Instruction on Lesser Included Offense*

Loza asserts the trial court erred when it failed to sua sponte instruct the jury regarding negligent discharge of a firearm (Pen. Code, § 246.3, subd. (a)) as a lesser included offense to shooting at an inhabited dwelling or occupied vehicle (Pen. Code, § 246, undesignated statutory references are to this code). The Attorney General concedes that negligent discharge of a firearm is a lesser included offense to shooting at an inhabited dwelling or vehicle, but asserts there is no substantial evidence from which the jury could have concluded that Loza was guilty of the lesser offense. We agree.

"[T]he sua sponte duty to instruct on a lesser included offense arises if there is substantial evidence the defendant is guilty of the lesser offense, but not the charged offense. [Citation.]" (*People v. Breverman* (1998) 19 Cal.4th 142, 177.) "In deciding whether evidence is 'substantial' in this context, a court determines only its bare legal sufficiency, not its weight. [Citations.]" (*Ibid*.)

The crimes of shooting at an occupied vehicle (§ 246) and grossly negligent discharge of a firearm (§ 246.3) "'involve the intentional discharge of a firearm in a grossly negligent manner which presents a significant risk that personal injury or death will result.'" (*People v. Ramirez* (2009) 45 Cal.4th 980, 986.) The greater crime of shooting at an occupied vehicle "proscribes discharging a firearm *at specific targets*, the act of which presumably presents a significant risk that personal injury or death will result." (*Id*. at p. 986.) In contrast, the lesser crime of grossly negligent

3

discharge of a firearm is aimed at deterring the dangerous practice of discharging firearms into the air in celebration of festive occasions. (*Id*. at p. 987.) This lesser crime does not require that a specific target be in the defendant's firing range. (*Id*. at p. 986.)

Here, there was no substantial evidence that the offense was less than that charged as the record is clear that Loza intended to shoot at Vejar's truck. Loza fired multiple shotgun rounds directly into Vejar's truck as Vejar drove by. The rear window and passenger side window of Vejar's truck were shot out and the truck suffered damage from its hood to its tailgate. Loza necessarily knew, at a minimum, that a driver occupied the truck. Because the evidence established that Loza shot at an occupied vehicle in a manner which presented a significant risk that personal injury or death would result, the trial court had no duty to instruct the jury on the lesser included offense of negligent discharge of a firearm.

## II. *Cruel and/or Unusual Punishment*

A. Facts

After considering sentencing briefs, the probation report and hearing argument on Loza's motion to strike his prior strike conviction under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, the trial court denied Loza's *Romero* motion. The trial court noted that Loza's prior strike conviction was a restaurant robbery that had occurred about three years ago when Loza was a juvenile. It remarked that the instant crime involved violent conduct and stated, "[I]t was obvious that [Loza] did not have any concerns about whether anyone inside the vehicle lived or died."

4

The trial court sentenced Loza to a total prison term of 30 years to life, plus 13 years 4 months, detailing the law and facts that supported its decisions. Before doing so, it commented that Loza had a history of violent criminal behavior dating back to when he was 15 years old, most related to his gang membership, that he "repeatedly failed on juvenile probation," used drugs and alcohol daily and obtained education only while incarcerated.

B. Analysis

Loza contends that his sentence for the current offense constitutes cruel and unusual punishment under the federal and California Constitutions. (U.S. Const., 8th Amend. [prohibits infliction of "cruel and unusual" punishment]; Cal. Const., art. I, § 17 [prohibits infliction of "[c]ruel or unusual" punishment].) Loza, however, did not raise this objection at the sentencing hearing and therefore waived it. (*People v. Norman* (2003) 109 Cal.App.4th 221, 229.) In any event, we exercise our discretion to consider his contention on its merits to avoid a claim of ineffectiveness of counsel. (*Id*. at p. 230.)

The Eighth Amendment of the federal Constitution is violated when a sentence is "'grossly disproportionate'" to the crime. (*Harmelin v. Michigan* (1991) 501 U.S. 957, 1001.) Similarly, the California Constitution is violated when the punishment "is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity." (*In re Lynch* (1972) 8 Cal.3d 410, 424, fn. omitted (*Lynch*).) Nonetheless, lengthy prison sentences imposed under a recidivist statute have survived scrutiny under both

5

Constitutions.  (See, e.g., *In re Rosencrantz* (1928) 205 Cal. 534, 539–540; *People v. Weaver* (1984) 161 Cal.App.3d 119, 125.)  " 'Whether a punishment is cruel or unusual is a question of law for the appellate court, but the underlying disputed facts must be viewed in the light most favorable to the judgment.  [Citations.]'  [Citation.]" (*People v. Mantanez* (2002) 98 Cal.App.4th 354, 358.)  A defendant must overcome a "considerable burden" when challenging a penalty as cruel or unusual.  (*People v. Wingo* (1975) 14 Cal.3d 169, 174.)

We examine three factors to determine whether a sentence is proportionate to the offense and the defendant's circumstances such that it does or does not constitute cruel and unusual punishment:  (1) the gravity of the offense and the harshness of the penalty; (2) sentences imposed for other crimes in the same jurisdiction; and (3) sentences imposed for the same crime in other jurisdictions.  (*Ewing v. California* (2003) 538 U.S. 11, 22; *Lynch*, *supra*, 8 Cal.3d at pp. 425–427 [comparable three-prong test].)  Loza does not address any comparison of penalties for similar offenses in other states, nor does he compare sentences imposed for other crimes in the same jurisdiction.  Accordingly, he fails to demonstrate disproportionality on these grounds.  Accordingly, we analyze the gravity of the offense and the harshness of the penalty.

"The gravity of an offense can be assessed by comparing the harm caused or threatened to the victim or society and the culpability of the offender with the severity of the penalty." (*People v. Carmony* (2005) 127 Cal.App.4th 1066, 1077.) Here, Loza's criminal conduct started at age 15, he has been involved in almost

6

continuous and escalating criminal behavior until he committed the instant offense at age 18, and was on juvenile probation at the time of the crime. His current offense of shooting at a random passing vehicle is extremely violent and, when viewed in context with his criminal history, it is evident that Loza presents a danger to society. In light of the nature of the offense and the offender, Loza's sentence does not shock the conscience or offend notions of human dignity. (*Lynch*, *supra*, 8 Cal.3d at p. 424.)

We reject Loza's suggestion that his situation is similar to a juvenile that has been sentenced to life without the possibility of parole (LWOP) because he may not be eligible for parole until about the time he is expected to die. Our high court has held that the death penalty cannot be imposed on persons under the age of 18 when their crimes were committed. (*Roper v. Simmons* (2005) 543 U.S. 551, 578 (*Simmons*).) It also held that LWOP sentences for juvenile offenders who committed nonhomicide offenses are categorically prohibited by the Eighth Amendment. (*Graham v. Florida* (2010) 560 U.S. __ [130 S.Ct. 2011, 2030] (*Graham*).) Also, a California appellate court found unconstitutional a juvenile's sentence of 84 years because it was equivalent to LWOP. (*People v. Mendez* (2010) 188 Cal.App.4th 47, 62–63, 68 (*Mendez*).)

Loza's reliance on *Simmons*, *Graham* and *Mendez* is misplaced because he was not a minor when he committed the instant offense and he was not sentenced to the death penalty. Moreover, Loza is eligible to receive conduct credits for his determinate sentence of 13 years 4 months (see *People v. Sage* (1980) 26 Cal.3d 498, 509, fn. 7; *In re Monigold* (1983) 139 Cal.App.3d 485, 494; §§ 667, subd. (c)(5), 669), and then serve 30

years before parole eligibility.  Assuming he serves his entire 43-year sentence, he would be eligible for parole at age 61, which is 15 years below the 76 years of age the court in *Mendez* determined to be the average life expectancy for an 18-year-old male.  (*Mendez*, *supra*, 188 Cal.App.4th at pp. 62–63.)  Fifteen years is enough time to allow Loza to have a "meaningful opportunity" to be released within his lifetime.  (*Graham*, *supra*, 560 U.S. at p. __ [130 S.Ct. at p. 2033].)

We conclude that Loza's sentence does not constitute cruel and unusual punishment under either the state or federal Constitutions.

DISPOSITION

The judgment is affirmed.


McINTYRE, J.

WE CONCUR:

BENKE, Acting P. J.

NARES, J.

8