[No. E008591. Fourth Dist., Div. Two. Apr. 2, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
LENZO MANNING, Defendant and Appellant.

[Opinion certified for partial publication.*]

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts 1 and 2.

COUNSEL

Lynda A. Romero, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Rudolf Corona, Jr., and William M. Wood, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

RAMIREZ, P. J.—A jury convicted Lenzo Manning of murder (Pen. Code, § 187) and attempted murder (Pen. Code, §§ 664, 187), during both of which offenses he used a firearm (Pen. Code, § 12022.5) and a principal was armed with a shotgun (Pen. Code, § 12022, subd. (a)). As to the attempted murder, the jury additionally found that Manning inflicted serious bodily injury on the victim (Pen. Code, § 12022.7). The jury also convicted Manning of shooting at an inhabited dwelling. Manning was sentenced to prison and appeals, claiming the trial court erroneously admitted evidence, the prosecutor committed misconduct, and the weapons findings were improper. We reject his contentions and affirm.

FACTS

Manning, a self-admitted member of the Back Street Crips, was in the company of two other men in the carport of a San Bernardino apartment

building on the night of May 23, 1989, when one (the victim) of two brothers came by and asked the men who they were. The victim went on to his apartment, but, a short time later, the three men knocked at his door and said they wanted to fight, proclaiming, "This is Main Street Crip you're messing with." The victim shut his door. The victim's brother was on his way into the apartment when he encountered the three men, and arguing ensued. The victim came to his brother's aid with a golf club and a knife. The brothers went up the stairs and were just outside their apartment when Manning's codefendant handed him a shotgun, which he used to shoot both brothers, killing one and wounding the victim.

1, 2*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

3.   *Weapon Enhancements*

As is common in such cases, the jury here made true findings that Manning both used a firearm (Pen. Code, § 12022.5) and that a principal was armed with a shotgun (Pen. Code, § 12022, subd. (a)) in the commission of the murder and attempted murder. In their argument to the jury, the People stated that Manning's possession of the murder/attempted murder weapon and his use of it provided sufficient evidence to support both allegations,[6] therefore, there is no possibility that more than one weapon was involved, or that the armed allegation referred to Manning's codefendant's possession of the weapon before he turned it over to Manning.

■   Manning now contends that because of language in Division One's opinion in *People* v. *Turner* (1983) 145 Cal.App.3d 658 [193 Cal.Rptr. 614], the jury should not have been allowed to make true findings as to both allegations because of the prohibition against conviction of both greater and lesser offenses in *People* v. *Pearson* (1986) 42 Cal.3d 351 [228 Cal.Rptr. 509, 721 P.2d 595]. We disagree with Manning's position for several reasons.

*Pearson* specifically prohibits multiple convictions based "on necessarily included offenses." (42 Cal.3d at p. 355.) In his opinion in *Turner*, Justice Weiner was careful not to label gun-use enhancements "lesser included offenses," citing Supreme Court and Court of Appeal cases in support.

*See footnote, *ante*, page 88.
[6]Specifically, the People stated, ". . . Manning personally used a shotgun. The arming in this case is the very same thing. Mr. Manning had a shotgun. Now, he got it from [his codefendant]. [¶] [The co-defendant] had armed Mr. Manning to do whatever he was going to do. . . . [¶] The principal is armed. That's Mr. Manning."

*(People* v. Turner, *supra,* 145 Cal.App.3d at p. 683.) *Turner* went on to hold that in cases where the more detailed allegation, i.e. Penal Code section 12022.5, is alleged, if evidence supports the less detailed allegation, i.e., section 12022, subdivision (a), the trial court has a sua sponte obligation to instruct as to the latter. In so doing, the *Turner* court cited authority holding that a section 12022.5 finding cannot be based on evidence which does not also support a section 12022, subdivision (a), finding. Be that as it may, still, not even *Turner* would go so far as to call section 12022, subdivision (a), a "lesser included enhancement" of section 12022.5, which is precisely what is required for the prohibition stated in *Pearson* to apply.

We note additionally, with interest, that no other decision has taken the language of *Turner* and used it in this particular context, although *Turner* has been on the books for almost nine years. We also note that a number of other Courts of Appeal recognize the fact, conceded in *Turner,* that enhancements are not convictions. (See, e.g., *People* v. *Kee* (1991) 228 Cal.App.3d 1203, 1208 [279 Cal.Rptr. 643]; *People* v. *Warinner* (1988) 200 Cal.App.3d 1352, 1355 [247 Cal.Rptr. 197].)

Finally, we note with great interest the following excerpt from Penal Code section 1170.1, subdivision (e): "When two or more enhancements under Sections 12022, 12022.5, and 12022.7 may be imposed for any single offense, only the greatest enhancement shall apply. . . ." If, as Manning argues, true findings on Penal Code sections 12022, subdivision (a), and 12022.5 are mutually exclusive, why does Penal Code section 1170.1, subdivision (e), provide for their concurrence?

Manning fails to persuade us that we are legally obliged to strike the jury's finding as to the so-called "lesser enhancement," i.e., Penal Code section 12022, subdivision (a).

## DISPOSITION

The judgment is affirmed.

Dabney, J., and McKinster, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 24, 1992.