Filed 11/19/24  P v. Bogus CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LORENZO BOGUS,<br><br>    Defendant and Appellant. | D082118<br><br><br>(Super. Ct. No. SCE408655) |

APPEAL from a judgment of the Superior Court of San Diego County, John M. Thompson, Judge.  Affirmed.

Jason L. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers and Elizabeth M. Kuchar, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

A jury found Lorenzo Bogus guilty of second-degree murder (Pen. Code,[1] § 187, subd. (a)), unlawful possession of a firearm by a felon (§ 29800, subd. (a)(1)), and unlawful possession of ammunition by a prohibited person (§ 30305, subd. (a)(1)). The jury also found true all the alleged firearm enhancements for the murder charge, including that he personally used (§§ 12022.5, subd. (a) & 12022.53, subd. (b)), personally discharged (§ 12022.53, subd. (c)), and caused great bodily injury and death with a firearm (§ 12022.53, subd. (d)).[2] The trial court sentenced Bogus to 55 years to life in state prison. Bogus contends on appeal that the trial court erred when it imposed the firearm enhancement under section 12022.53(d), and stayed the lesser enhancements under subdivisions (b) and (c) of that section and under section 12022.5(a).[3] Specifically, he contends that the court should have stricken those lesser enhancements because the Supreme Court's holding in *People v. Gonzalez* (2008) 43 Cal.4th 1118 (*Gonzalez*), which requires that lesser firearm enhancements be imposed and stayed rather than stricken, is no longer controlling in light of subsequent developments in the law. We conclude that we remain bound by *Gonzalez* and therefore affirm the judgment.

Section 12022.5(a) provides for a sentence enhancement for personal use of a firearm in the attempted commission of any felony. Section 12022.53

---

[1] Undesignated statutory references are to the Penal Code.

[2] We generally refer to subdivisions of sections 12022.5 and 12022.53 in abbreviated form, e.g., section 12022.53(d), or simply by subdivision when the statutory reference is obvious.

[3] We grant Bogus's September 13, 2024 motion for leave to file a supplemental brief. The clerk is directed to file the supplemental brief accompanying the motion.

sets forth escalating and consecutive penalties "beyond that imposed for the substantive crime[] for use of a firearm in the commission of specified felonies[.]" (*Gonzalez, supra*, 43 Cal.4th at p. 1124.) Section 12022.53(f) provides that "[o]nly one additional term of imprisonment under this section shall be imposed per person for each crime[,]" and if more than one enhancement is found true, the court must impose "the enhancement that provides the longest term of imprisonment." Section 12022.53(f) also provides that a section 12022.5 firearm enhancement "shall not be imposed on a person in addition to an enhancement imposed pursuant to this section."

In *Gonzalez*, the Supreme Court in 2008 held that when a section 12022.53 enhancement is imposed, "the remaining section 12022.53 firearm enhancements and any section 12022.5 firearm enhancements that were found true for the same crime must be imposed and then stayed." (*Gonzalez*, at p. 1123.) Construing the word "impose" in section 12022.53(f) to mean "impose and then execute," the court concluded the statute "directs that only one enhancement may be imposed and then *executed* per person for each crime, and allows a trial court to impose and then *stay* all other prohibited enhancements." (*Gonzalez*, at p. 1127.)

Bogus argues that the holding of *Gonzalez* has since been undermined by 2018 amendments to section 12022.53, the Supreme Court's decisions in *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*) and *People v. McDavid* (2024) 15 Cal.5th 1015 (*McDavid*), and amendments to California Rules of Court, rule 4.447 (rule 4.447). Section 12022.53(h), as amended effective January 1, 2018, provides: "The court *may*, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section. The authority provided by

3

this subdivision applies to any resentencing that may occur pursuant to any other law."[4] (Stats. 2017, ch. 682, § 2, italics added.)

In *Tirado, supra*, 12 Cal.5th 688, the Supreme Court held that a trial court has the authority to strike a greater section 12022.53(d) enhancement and impose a lesser, uncharged section 12022.53 enhancement instead. (*Tirado*, at pp. 696, 701.) The court explained that section 12022.53(h) gives trial courts the discretion to strike or dismiss a greater charged section 12022.53 enhancement, and that section 12022.53, subdivision (j) gives them the discretion to impose a lesser, uncharged section 12022.53 enhancement where the accusatory pleading alleged, and the jury found true, facts supporting the enhancement. (*Tirado*, at pp. 694–695, 697.)

In *McDavid*, the Supreme Court extended its reasoning in *Tirado* to hold that trial courts also have discretion to strike a section 12022.53 enhancement, and then impose a "lesser included, uncharged enhancement authorized elsewhere in the Penal Code"—such as under section 12022.5(a). (*McDavid, supra*, 15 Cal.5th at p. 1021.)

Rule 4.447 provides, in relevant part: "Except pursuant to section 1385(c), a court may not strike or dismiss an enhancement solely because imposition of the term is prohibited by law or exceeds limitations on the imposition of multiple enhancements. Instead, the court must: [¶] (1) Impose

---

[4] Section 1385 provides: "[A] judge or magistrate may, either on motion of the court or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed." (§ 1385, subd. (a).) Section 1385 further provides that where "the court has the authority pursuant to subdivision (a) to strike or dismiss an enhancement, the court may instead strike the additional punishment for that enhancement in the furtherance of justice." (§ 1385, subd. (b)(1).) Subdivision (c) requires, in relevant part, that the court to dismiss an enhancement if it is in the furtherance of justice to do so, "except if dismissal of that enhancement is prohibited by any initiative statute." (§ 1385, subd. (c).)

4

a sentence for the aggregate term of imprisonment computed without reference to those prohibitions or limitations; and [¶] (2) Stay execution of the part of the term that is prohibited or exceeds the applicable limitation. The stay will become permanent once the defendant finishes serving the part of the sentence that has not been stayed." In other words, rule 4.447 allows a trial court to stay execution of an enhancement to avoid violating a statutory prohibition or exceeding a statutory limitation, while preserving the possibility of imposing the stayed portion should a reversal on appeal reduce the unstayed portion of the sentence. (See Advisory Com. com., Cal. Rules of Court, rule 4.447.)

Bogus argues that because of the 2018 amendment to section 12022.53(h) and the Supreme Court's decisions in *Tirado* and *McDavid*, the trial court had discretion to strike his section 12022.53(d) enhancement and impose a lesser firearm enhancement. While we do not disagree, we also do not see how that undermines the holding in *Gonzalez*, as Bogus contends. In *Gonzalez*, the Supreme Court held that in situations where lesser firearm enhancements are found true, but punishment cannot be imposed under the prohibition in section 12022.53(f), those lesser enhancements should be imposed and stayed. (*Gonzalez, supra*, 43 Cal.4th at pp. 1122–1123.) *Tirado*, *McDavid*, and amended section 12022.53(h) are all consistent with that holding. The 2018 amendment to section 12022.53(h) gave courts "the flexibility to impose lighter sentences in appropriate circumstances" (*Tirado, supra*, 12 Cal.5th at p. 702), but left intact the courts' discretion to decline to do so. Neither *Tirado* nor *McDavid* expressly or impliedly overruled *Gonzalez*, and we therefore remain bound to follow the holding that enhancements prohibited under section 12022.53(f) must be imposed and stayed. (*Gonzalez, supra*, 43 Cal.4th at pp. 1122, 1129–1130; see *Auto Equity*

5

*Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 ["Under the doctrine of *stare decisis*, all tribunals exercising inferior jurisdiction are required to follow decisions of courts exercising superior jurisdiction."].)

Moreover, we must presume that the Legislature was aware of *Gonzalez*'s interpretation of section 12022.53(f) when it amended section 12022.53(h) in 2018—but the Legislature left section 12022.53(f) unchanged. (See *People v. May* (2020) 47 Cal.App.5th 1001, 1009 [Legislature "is presumed to know the law[,]" and its inaction in amending a statute despite cases interpreting it leads the conclusion that the Legislature agrees with the interpretation].) If the Legislature intended to overrule the Supreme Court's holding in *Gonzalez* and disapprove its interpretation of the word "imposed" as used in section 12022.53(f), it could have included language to that effect when it amended the statute.

Bogus further argues that because rule 4.447 was modified in 2022 to state that a court cannot strike an enhancement "*solely* because imposition" would violate a statutory prohibition, that somehow the reasoning in *Gonzalez* is no longer sound. Bogus cites to cases holding that defendants cannot be convicted of both a greater offense and its necessarily included lesser offense. (See, e.g., *People v. Sanders* (2012) 55 Cal.4th 731, 736 [judicially created rule prohibits multiple convictions based on necessarily included offenses]; *People v. Ortega* (1998) 19 Cal.4th 686, 692 ["A defendant who commits a battery may not be convicted of both battery and assault, because '[a]n assault is a necessary element of battery, and it is impossible to commit battery without assaulting the victim.' "].) This judicially created rule, Bogus contends, gave the trial court another basis for striking the lesser section 12022.5 and 12022.53 enhancements, which means that the court did

6

not have to rely *solely* on the statutory prohibition in section 12022.53(h) to strike the enhancements.

This reasoning falls short, however, because Bogus points to no authority extending the rule on lesser included offenses to lesser included enhancements. Section 12022.53(f) explicitly contemplates that "more than one enhancement per person" may be found true, and provides a procedure for a court to deal with that scenario. Case law has also recognized that rules pertaining to multiple convictions do not apply to enhancement allegations. (See, e.g., *People v. Manning* (1992) 5 Cal.App.4th 88, 90–91 [holding that the multiple convictions bar did not prohibit true findings on both a greater section 12022.5 enhancement allegation and its lesser section 12022, subdivision (a) enhancement allegation].)

Furthermore, as explained above, just because rule 4.447 could have allowed the trial court to strike the lesser firearm enhancements does not mean the court was *required* to. And to the extent Bogus is arguing that rule 4.447 contradicts the holding in *Gonzalez*, even assuming there was a conflict, we must follow the Supreme Court's rulings over rules adopted by the Judicial Council. (See, e.g., *Elkins v. Superior Court* (2007) 41 Cal.4th 1337, 1352 ["We also have disapproved rules and procedures adopted by the Courts of Appeal . . ., as well as rules adopted by the Judicial Council."].)

For these reasons, we conclude that Bogus has not shown that his sentence was unauthorized.

DISPOSITION

The judgment is affirmed.


                                                        BUCHANAN, J.


WE CONCUR:


HUFFMAN, Acting P. J.


RUBIN, J.